JOSIAH BURROUGHS *vs.* BRIGHAM NUTTING.

A will executed before the St. of 1850, *c.* 200, by a married woman, who died since the Gen. Sts. *c.* 108, § 9, made no disposition of her personal property, and gave to her only heir at law the same interest that he would take had he been intentionally omitted from the will, and the residue of the real estate to her husband. *Held,* that it was valid without the husband's assent.

APPEAL by the husband of Catherine Burroughs from a decree of the probate court, disallowing an instrument offered for probate as her last will and testament. This instrument was dated April 5, 1846 ; devised in equal undivided portions to the appellant and Brigham Nutting "the home farm" of the testatrix, which it described as all the real estate which she owned ; and made no provision for the disposition of personal property. The case was submitted to the judgment of the court on the following statement of facts, of which the instrument was made a part :

Catherine Burroughs was first married to one Nutting, by whom she had a son, Brigham Nutting. Afterwards, in February 1846, she was married to the appellant, by whom she never had a child. She died March 9, 1869 ; and the appellant and Brigham Nutting survived her, the latter being her only heir at law.

She left, at her death, some personal property, and the real estate described in the instrument offered for probate. This instrument was executed by her as her will, on the day on which it bore date, namely, April 5, 1846. The appellant never assented, by an indorsement on the instrument, or otherwise, to her making of it as a will.

" If upon these facts the will is valid, the said decree of the probate court is to be reversed and the said will remitted to the said court for further proceedings thereon, otherwise, the said decree is to be affirmed."

*P. E. Aldrich,* for the appellant.

*A. J. Bartholomew,* for the heir at law.

WELLS, J. The will takes effect from the date of the death of the testatrix. At that time the Gen. Sts. *c.* 108, § 9, were in force. Under that statute, the assent of the husband is not

required to give validity to the will, but only to make it effective to deprive him of more than one half of the personal estate of the wife.

The devise to the heir is inoperative, because it purports to give him precisely the same interest that he would take as heir, if he had been intentionally omitted from the will. All the devises and bequests in the will, therefore, are to the husband, and for his benefit solely. The St. of 1850, c. 200, in express terms, makes such a will valid, although previously executed, if the testatrix was then living.

Upon appeal, this court must proceed to affirm the decree appealed from, or pass such decree as the probate court ought to have passed. The case is not to be sent back for a new trial in the probate court, but must be tried in this court before a decree can be entered either affirming or reversing the decree in the probate court.                    *Ordered accordingly.*