## JAMES M. BURKE vs. JOHN COLBERT.

Middlesex.  Jan. 18. — Feb. 26, 1887.  HOLMES & GARDNER, JJ.,
absent.

A married woman, who owned real estate, died, leaving a husband, but no issue
of the marriage.  She made a will, to which her husband did not assent, by
which she gave him a pecuniary legacy, and added the words, "which is to
be in full settlement of all his demands upon my estate;" and devised the
rest of her estate to others.  *Held,* that the husband was not entitled, under the
Pub. Sts. c. 124, § 1, to one half of his wife's lands for his life.

PETITION for partition of certain land in Cambridge.  The
case was submitted to the Superior Court, and, after judgment
for the respondent, to this court, on appeal, upon agreed facts,
in substance as follows :

Bridget Burke died on March 21, 1883, leaving a husband,
the petitioner in this case, and three children by a former
marriage.  The petitioner and said Bridget were lawfully mar-
ried on October 11, 1882, and thereafter lived together as hus-
band and wife in this Commonwealth, but had no issue born
alive.  Bridget left a will, executed on March 21, 1883, by
which she provided as follows : " To my husband, James Burke,
I give the sum of five hundred dollars, which is to be in full
settlement of all his demands upon my estate;" gave the residue
of her estate to others; and requested the judge of probate to
appoint an executor of the will.  The petitioner knew nothing
of the making or execution of the will until after the death of
his wife.

On March 27, 1883, the petitioner filed in the Probate Court
a petition for the proof and allowance of said will, and for letters
of administration, with the will annexed, to be issued to him ;
and, on April 16, 1883, he amended said petition, by leave of
court, by adding thereto the words, " not intending hereby to
waive my rights by reason of not having consented to said will,
and not intending hereby to so consent."

The Probate Court, upon said petition, on April 24, 1883,
approved and allowed said will, but refused to issue letters of
administration to the petitioner.

On May 1, 1883, Theodore C. Hurd was duly appointed administrator with the will annexed, and duly qualified, and has since continued to act as such administrator.

On January 15, 1885, Hurd petitioned the Probate Court for leave to sell the estate described in the petition in this case, and certain other real estate belonging to the deceased, for the purpose of paying debts and legacies, and the present petitioner appeared to oppose the granting of said license, but a license was issued by said court to Hurd, on February 3, 1885, to sell, as such administrator, said estate described in the petition in this case, for the purpose of paying legacies. The personal property of the deceased amounted only to $100.

Said estate was conveyed to the respondent by Hurd, under said license, by deed in the usual form.

The petitioner contends that he is entitled, under the laws of this Commonwealth, to a life interest in one half of the real estate of which Bridget Burke died seised, including the land held by the respondent under said deed; and the respondent contends otherwise.

*C. F. Paige*, for the petitioner.

*O. A. Galvin*, for the respondent.

W. ALLEN, J. By the Pub. Sts. *c.* 147, § 6, which was a substantial reënactment of the Gen. Sts. *c.* 108, §§ 9, 10, a married woman was empowered to devise her real estate as if she were sole, except that her will should not, without the written consent of the husband, operate to deprive him of his tenancy by the curtesy. The manifest intention of the Legislature was to confer on a married woman full testamentary capacity as to her real estate, subject only to the right of the husband as tenant by the curtesy. The consent of the husband is not necessary to give validity to the will or effect to its operation, except as it may deprive him of his right as tenant by the curtesy. *Silsby* v. *Bullock*, 10 Allen, 94. *Burroughs* v. *Nutting*, 105 Mass. 228.

While it is admitted that this was the effect of the statute before the enactment of the St. of 1877, *c.* 83, it is contended that the latter statute, which is reënacted in the Pub. Sts. *c.* 124, § 1, gives to the husband who is not tenant by the curtesy a right in his deceased wife's lands, of which she cannot deprive him by will. The provision is, that the husband who is not

tenant by the curtesy shall, if his wife does not provide other-wise by her will, hold one half of her lands for his life. It is argued that the intention of the statute is to give to the husband a right or estate in the lands of the wife, which she cannot devise from him, unless she makes an adequate provision of the same kind for him in her will.

We do not think that the statute can be so construed. The expression in the St. of 1877, c. 83, " unless the wife shall by will provide otherwise," and in the Pub. Sts. c. 124, § 1, " if his wife does not provide otherwise by her will," does not intend a provision for the husband, but a provision in relation to the property. The apparent intention is, not to take from the wife the power of devising her land, but to direct the descent of lands of which she had made no disposition by will. Like the similar provision in regard to a widow, the statute is a modification of the statute of descents. *Sears* v. *Sears*, 121 Mass. 267. The words quoted from it above are equivalent to the words " not having lawfully devised the same," in the statute of descents. Gen. Sts. c. 91, § 1. St. 1876, c. 220. Pub. Sts. c. 125, § 1. The right of the husband does not attach to lands devised by the wife ; and it is subject to the creditors of the wife. In this respect, it corresponds with the interest given, in § 3 of the same chapter, to a wife in the lands of her husband who died without issue. The St. of 1885, c. 255, by striking out the words above quoted from § 1, made a material change in the statute, but cannot affect the rights of the petitioner.

The wife of the petitioner made a will, in which she gave a pecuniary legacy to the petitioner, and added the words, " which is to be in full settlement of all his demands upon my estate," and devised to others all of her real estate ; she thereby did " provide otherwise by her will " than that her husband should have one half of her lands for his life.

*Petition dismissed.*