WILLARD JOHNSON & another *vs.* ANN S. WILLIAMS.

Worcester.    October 2, 1890. — October 25, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Devise by Married Woman — Consent of Husband.*

Under the St. of 1887, c. 290, §§ 1, 2, amending the Pub. Sts. c. 124, § 1, and c. 147, §.6, so as to provide that a husband whose wife dies leaving no issue living shall take her real estate in fee to an amount not exceeding five thousand dollars, of which estate she cannot deprive him by will without his written consent, a husband whose wife dies after the passage of that statute cannot, by her will made before and unassented to by him, be deprived of such real estate.

WRIT OF ENTRY, to recover a parcel of land in Charlton. Plea, *nul disseisin.* The case was submitted to the Superior Court, and, after judgment for the demandants, to this court on appeal, on agreed facts, which appear in the opinion.

*R. B. Dodge, Jr.,* for the demandants. ·

*W. W. Rice & H. W. King,* ( *C. M. Rice* with them,) for the tenant.

W. ALLEN, J.   The demandants are the heirs of Orison Johnson, who died intestate on July 6, 1888.   On the day before his death, July 5, 1888, Marsha Johnson, his wife, died, leaving no issue living, and leaving a will dated August 23, 1883, to which her husband gave no written consent, by which she devised all her real estate to her husband for his life, with remainder to the tenant in fee.   After the probate of the will, on September 4, 1888, the tenant took possession of such real estate, which consisted of the demanded premises, and was of less value than five thousand dollars.   The only question is whether her husband took her real estate in fee under the statute.

The Pub. Sts. c. 124, § 1, provide that a man shall, on the death of his wife, if she dies intestate and leaves no issue living, take her real estate in fee to an amount not exceeding five thousand dollars.   This statute was amended by the St. of 1887, c. 290, § 1, by striking out the word "intestate."   The Pub. Sts. c. 147, § 6, authorized a married woman to make a will, but provided that such will should not, without her husband's written consent, operate to deprive him of his tenancy by the curtesy. The St. of 1887, c. 290, § 2, amended this statute by adding the words, " or of her real estate not exceeding five thousand dollars in value, where no issue survives her."   Mrs. Johnson died leaving real estate not exceeding five thousand dollars in value, and not leaving issue surviving her.   Under the statutes in force at the time of her decease, her real estate descended to her husband, and she had no power to devise it away from him.   *Sears* v. *Sears,* 121 Mass. 267.   *Burke* v. *Colbert,* 144 Mass. 160.   It is immaterial if the statute in force when she executed her will authorized her so to devise it.   The statute was changed before her will took effect, and the power was taken from her, and there is no expressed or implied exception in the statute of wills executed before it took effect.   *Cushing* v. *Aylwin,* 12 Met. 169. *Burroughs* v. *Nutting,* 105 Mass. 228.          *Judgment affirmed.*