### SARAH MACDONALD *vs.* THOMAS DANA.

Suffolk.   January 14, 1891. — June 26, 1891.

Present: ALLEN, HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Written Receipt — Extrinsic Evidence.*

A receipt in the following form, "Received of D. W., Treas., five hundred dolls., being amount received from lectures given by Rev. H. B. C. in Hollis Street Church for memorial window to be put into said church as per agreement," is not conclusive evidence of full payment and satisfaction, but is ambiguous, and parol evidence is admissible to show what the agreement referred to was.

CONTRACT, to recover a balance alleged to be due for a stained glass window put into the Hollis Street Church in Boston. Answer, a general denial and payment.

At the trial in the Superior Court, before *Dunbar*, J., there was evidence that the plaintiff, who was the wife of Donald Macdonald, had been engaged in business since 1879 under his name with the addition of "Agent," and that her husband assisted her in the business, and had authority through her to sign receipts and receive money.   The plaintiff introduced evidence, which was contradicted, that in 1884 the defendant employed the plaintiff, through her husband, to make the window in question, and agreed to pay therefor not less than $1,600; that in January, 1886, upon the completion of the window, the plaintiff's husband went to the defendant for a payment on account, and was by the defendant sent to one Wheeler, from whom he received the sum of $500, and, without reading it or knowing its contents, signed a receipt written by Wheeler.   The defendant contended, and introduced evidence tending to show, that the plaintiff had admitted that the proceeds of the course of lectures delivered by the Rev. H. B. Carpenter in the winter of 1884–85 were to be received by her in full payment for the window.   The defendant also put in evidence the following receipt, being that signed by the plaintiff's husband: "Boston, January 21, 1886.   Received of Daniel Wheeler, Treas., five hundred dolls., being amount received from lectures given by Rev. H. B. Carpenter in Hollis Street Church for memorial window to be

put into said church as per agreement. Donald Macdonald."
The judge refused to rule, as requested by the defendant, that
the receipt was conclusive evidence of full payment and satis-
faction, and admitted evidence offered by the plaintiff tending
to show that the $500 paid by Wheeler was not received, or
agreed to be received, by the plaintiff in full payment for the
window.

The jury returned a verdict for the plaintiff; and the defend-
ant alleged exceptions.

The case was argued at the bar in January, 1891, and after-
wards, in June following, was submitted to all the judges except
*Field*, C. J., and *Knowlton*, J.

*B. E. Bates*, to the point that the receipt was a contract as
well as a receipt, and that parol evidence was inadmissible to
contradict it, cited *Langdon* v. *Langdon*, 4 Gray, 186; *Brown*
v. *Cambridge*, 3 Allen, 474; *James* v. *Bligh*, 11 Allen, 4; *Hur-
ley* v. *Brown*, 98 Mass. 545; *Goss* v. *Ellison*, 136 Mass. 503;
*Squires* v. *Amherst*, 145 Mass. 192.

*M. Holbrook*, (*L. W. Howes* with him,) for the plaintiff.

MORTON, J. The only exception in this case is that taken by
the defendant to the refusal of the court to rule, as requested
by him, that the receipt was conclusive evidence of full payment
and satisfaction. This presents the question whether the re-
ceipt is to be regarded as a contract on the plaintiff's part, in
which she agrees to receive in satisfaction and discharge of her
claim the amount named, in which case parol evidence would
not be admissible to vary or control it, or whether it could be
properly treated as an acknowledgment merely on the part of
the plaintiff that she had received the sum named in it towards
the amount due her on account of her claim; and we think it
is very clear that it could be so treated, and that the refusal
of the court to give the instruction requested by the defendant
was correct. The receipt does not purport on its face to be a
satisfaction or discharge of the plaintiff's claim, or an agreement
that the amount named in it was received in full, or that she
would take the proceeds of Mr. Carpenter's lectures in payment
of the window. The case therefore differs from those cited and
relied on by the defendant, in which some one of these elements
appeared. The receipt simply acknowledges the payment by

Mr. Wheeler, as treasurer, of five hundred dollars, " being amount received from lectures given by Rev. H. B. Carpenter in Hollis Street Church for memorial window to be put into said church as per agreement." It is plain that there is nothing here to show that the sum named was paid or received in full for, or in payment or satisfaction of, the plaintiff's claim. There are no words of such import. It was open to the defendant to show, if he could, that such was the fact; but this he has failed to do.

The receipt is, moreover, ambiguous. It is possible to construe it so that the part which follows the words " five hundred dollars " may have been used to indicate the source from which the money came, and nothing more, being used by Mr. Wheeler for his own protection; and this would not perhaps be an unreasonable construction. At any rate, an element of uncertainty is introduced into it by the words " per agreement," at the close. It is doubtful whether they refer to the amount named earlier in the receipt, or to the whole body of the receipt preceding them, as claimed by the defendant, or to the words " memorial window to be put in said church," immediately before them. And there is nothing to show what the agreement was. It was therefore open to the parties to introduce parol evidence of it, so that, if the receipt were to be held as a contract of the nature claimed by the defendant, the court was right in refusing the defendant's request. *Bard* v. *Wood*, 3 Met. 74. *Hildreth* v. *O'Brien*, 10 Allen, 104. *Stacy* v. *Kemp*, 97 Mass. 166. *Stoops* v. *Smith*, 100 Mass. 63. *Lee* v. *Lancashire & Yorkshire Railway*, L. R. 6 Ch. 527.

The view which we have taken of the main question at issue renders it unnecessary to consider the other points which have been made.

*Exceptions overruled.*