HENRY M. WRIGHT *vs.* WILLIAM S. ANDERSON.

Middlesex.    January 18, 1906. — March 5, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Accord. Evidence,* Extrinsic affecting writings.

The parties to an action in the State of Illinois having settled the case signed the following instrument: " It is hereby agreed by and between the parties to this suit that the above entitled cause be dismissed without costs and the garnishee be discharged." About ten years later the defendant in the Illinois action brought an action of tort in this Commonwealth against the plaintiff in the Illinois action, for alleged abuse of legal process in making a false affidavit that the plaintiff had fraudulently conveyed or concealed his property in order that under the law of Illinois a writ of attachment might issue. The defendant contended that the agreement of settlement between the parties covered all causes of action then existing between them and was a bar to the action of tort in this Commonwealth. There was evidence that at the time of the settlement the plaintiff said to the defendant that he could put him in jail for making the affidavit, and that the defendant said that his lawyer took the proceedings, and he did not know anything about it. *Held,* that the instrument signed by the parties was in the nature of a memorandum as to the disposition of the Illinois action rather than a contract, so that the intended scope and effect of the agreement of settlement could be shown by oral evidence, and that the conversation quoted above together with the other evidence in the case warranted a finding that the settlement included all causes of action between the parties existing at the time it was made.

MORTON, J.   This is an action of tort to recover damages for an abuse of legal process in Chicago in September, 1894. The writ in this action is dated February 8, 1904. The case was tried before the Chief Justice of the Superior Court without a jury. He found for the defendant and the case is here on the plaintiff's exceptions. The bill of exceptions contains all the material evidence.

The defendant held a promissory note signed by the plaintiff for $1,000, dated Chicago, Illinois, January 17, 1894, payable on demand sixty days after date with interest at six per cent. The note was not paid when due and the defendant in September, 1894, caused a writ of attachment to be issued against the real and personal estate of the plaintiff, wherein one Shiverick was summoned as garnishee. By the law of Illinois, a creditor, in order to obtain a writ of attachment against the goods or estate

of his debtor, is obliged to make an affidavit that the debtor has within two years preceding the filing of it fraudulently conveyed or assigned his effects or a part thereof, or concealed or disposed of his property, or is about to fraudulently conceal, assign or dispose of his property so as to hinder or delay his creditors. The defendant made the affidavit thus required and this is the abuse of process complained of, the plaintiff testifying, in effect, that he had done none of the things to which the statute required the creditor to make affidavit. The suit was settled by the plaintiff's paying to the defendant $600 in cash and giving two notes for $200 each, and the following agreement was signed by the parties: "State of Illinois, Cook County Circuit Court. 133,797. 11,828. W. S. Anderson vs. H. M. Wright. It is hereby agreed by and between the parties to this suit that the above entitled cause be dismissed without costs and the garnishee, A. F. Shiverick, be discharged from any liability as such garnishee. W. S. Anderson, H. M. Wright."

The Chief Justice found that Wright was indebted to Anderson for money loaned to the amount of $1,000, that Anderson, the defendant, made demand after the note became due and before suit was brought in Illinois, and that the above agreement was intended by Wright and Anderson to be a settlement of all causes of action then existing between them. He ruled as requested by the plaintiff that the cause of action in this case was not barred by the statute of limitations, but refused to rule that the defendant had no cause of action when he attached the property of the plaintiff in 1894 in Chicago, or that the affidavit of attachment was falsely made and void, — holding that in view of his findings the last two rulings requested became immaterial.

The principal question is whether there was evidence warranting the finding that the agreement that was signed by the parties was intended to be a settlement of all causes of action then existing between the parties. We think that there was. There was testimony tending to show that at the time when the terms of settlement were agreed upon the plaintiff said to the defendant that he could put him in jail for making the affidavit, and that the defendant replied that his "lawyer took these proceedings" and he did not know anything about it. Nothing further appears to have been said about the matter, and the settlement was made

as agreed.   It would be a fair inference from this that any cause of action which the plaintiff might have had by reason of the alleged false affidavit was included in the settlement as the defendant testified in substance that he supposed it was.   Such an inference would be strengthened by the fact that the settlement was for a sum less than was due, and by the further fact that this action was not brought for nearly ten years.   It is hardly conceivable that the defendant would have made the settlement which he did except upon the basis that it was a final settlement of all matters growing out of the suit, or that the plaintiff could have supposed that any matters growing out of the suit were left unsettled.   The writing that was signed was in the nature of a memorandum between the parties for the disposition of the suit rather than a contract between them, and as such was open to explanation as to its intended scope and effect.   *Hemenway* v. *Bassett*, 13 Gray, 378.   *Macdonald* v. *Dana*, 154 Mass. 152.   It is plain that according to this view of the nature of the writing the evidence that was objected to was admitted rightly.*

*Exceptions overruled.*

*J. W. Keith & L. J. Cavanaugh*, for the plaintiff, submitted a brief.

*C. A. Mendall*, for the defendant.

---

* The questions allowed against the objection of the plaintiff were asked of the plaintiff upon his cross-examination.   The questions and the plaintiff's answers to them were as follows: "Q. That is then it was then the understanding that that settled all matters between you and Mr. Anderson up to that time.   Ans. It settled the question of the note, that was all, nothing else implied or understood.— Q. You understood when that agreement was signed it settled all matters between you.   Ans. No, sir, not that agreement."

The defendant, apparently without objection on the part of the plaintiff, testified "that he understood that the agreement settled all matters and differences then existing between them."