JOHN N. BUNNELL *vs.* CHARLES F. HIXON, executor & others.

Worcester.    March 22, 1910. — May 16, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Husband and Wife.    Will.    Statute.*

History of legislation in this Commonwealth concerning the testamentary power of married women, recounted by BRALEY, J.

Although the will of a married woman takes effect only at the time of her death, the consent in writing to such a will executed by the husband of the testatrix waives only such rights as were given by statutes in existence when he signed the consent, and does not waive different rights given to him by subsequent statutes, which are in force at the time of his wife's death.

A married woman died testate in 1908 and her will was allowed in that year. It was executed on October 30, 1901, and on that day her husband executed at the end of it his assent in writing to the will. The will contained no devise or legacy to him or for his benefit. No child was born of the marriage. When the will was executed, the provisions of St. 1900, c. 450, §§ 5-7, had not been repealed, but they were repealed before they went into effect by the Revised Laws, which went into effect from and after December 31, 1901, so that the provisions of Pub. Sts. c. 147, § 6, as amended by Sts. 1884, c. 301, 1885, c. 255, and 1887, c. 290, were in force. At the time of the death of the testatrix the provisions of R. L. c. 135, §§ 1-16 and c. 140, § 3, cl. 3, were in force, which give a surviving husband a right to waive the provisions of his wife's will and to claim such portions of her estate as he would have taken if she had died intestate, and also give him a larger interest in the real and personal property of his deceased wife than was given by the statutes in force when the will was executed or by those which were repealed by the Revised Laws. *Held,* that the effect of the consent in writing by the husband to the will of his wife in October, 1901, was to waive his statutory rights as they existed at that time and that he had not waived the different rights given him by later statutes, so that at the time of his wife's death she had not the testamentary power to deprive him of the right to claim and to receive the same share or interest which he would have taken if she had died intestate.

PETITION, filed in the Probate Court for the County of Worcester on August 17, 1909, by the conservator of the property of John N. Bunnell, for and in the name of said Bunnell who was the husband of Harriet S. Bunnell, who died testate on June 11, 1908, and whose will was allowed on June 30, 1908, alleging that the petitioner had waived the provisions of the will of his late wife as permitted by statute, and that there was a balance of the estate of his late wife in the hands of the executor of her will, and praying that a partial distribution of such balance might be decreed to be made among such persons as might be entitled thereto.

The following stipulation was signed by the respective counsel for the petitioner and the executor and was filed in the Probate Court:

"In the matter of the above named petition, it is stipulated and agreed as follows:

"1. That a partial distribution of the personal property of said estate can be now made without detriment thereto, and without endangering the rights of any creditors;

"2. That the only question raised is whether or not the petitioner, John N. Bunnell, is entitled to any interest or share in his wife's estate, he having signed his written consent to her will at the time of its execution, although he has duly waived any provisions that had been made in said will for him, and claimed such portion of her estate as he would have taken if she had died intestate, as is provided in R. L. c. 135, § 16;

"3. That if it shall be found that having filed said waiver and claim, he is entitled to the portion of her estate provided in said section, the court may order a partial distribution to be made of $5,000 on account of the distributive share of said John N. Bunnell in said estate."

The will of Harriet S. Bunnell was executed on October 30, 1901. It contained no devise or legacy to her husband or for his benefit. At the end of the will was written the consent of her husband, signed by him, and attested by the same three witnesses who attested the signature of the testatrix. This consent was as follows: "I John N. Bunnell husband of Harriet S. Bunnell hereby consent to the foregoing will."

In the Probate Court *Forbes*, J., made a decree that there should be a partial distribution as prayed for in the petition and that the executor of the will of Harriet S. Bunnell should pay to John N. Bunnell, her husband, the sum of $5,000. The executor of the will of Harriet S. Bunnell and other respondents interested in her estate as heirs at law and beneficiaries under her will appealed from the decree.

The appeal was heard in the Supreme Judicial Court by *Loring*, J., who made a final decree affirming the decree of the Probate Court and remanding the case to the Probate Court for further proceedings. The respondents appealed.

The case was submitted on briefs.

*J. E. Sullivan & D. F. O'Connell*, for the respondents.

*W. Williams & S. D. Vincent*, for the petitioner.

BRALEY, J. By the common law, unless acting under a power of appointment, a married woman could not make a valid will devising real property, although with her husband's assent she could make a bequest of her personal estate to strangers. *Nolin* v. *Pearson*, 191 Mass. 283, 284. The St. of 1842, c. 74, however, modified the common law, enabling her, if the written consent of her husband was indorsed thereon, to make a testamentary disposition of any property held in her own right, "provided, that the rights and interests of the husband to and in any such property shall in no way be affected thereby," but gave to her the power of revocation which she could exercise at her pleasure. But a majority of the court having held in *Morse* v. *Thompson*, 4 Cush. 562, that under the statute she could not devise her real estate to him, the St. of 1850, c. 200, was passed, permitting married women to devise and bequeath their separate estates to their husbands. The St. of 1855, c. 304, § 5, and St. of 1857, c. 249, § 4, followed, which further enlarged the right, until by the Gen. Sts. c. 108, § 9, she could make a will as if sole, but unless her husband consented in writing, the testatrix could not deprive him of more than one half of her personal estate. The Pub. Sts. c. 147, § 6, while re-enacting this provision, enlarged the limitation by preserving the rights of the husband as tenant by the curtesy. In pursuance of a public policy which has constantly tended to abrogate the doctrine of the unity in person of husband and wife, the Sts. of 1884, c. 301, 1885, c. 255, and 1887, c. 290, were enacted, which materially amended Pub. Sts. c. 147, § 6, by conferring upon a married woman the power, after a decree had been entered that she had been deserted by her husband, or was living apart from him for justifiable cause, to dispose by will of all her property with the same effect as if unmarried. The amendatory acts, however, increased the husband's rights by providing that if no issue were born of the marriage, he should hold for life, "the use of one half of her real estate," or her real estate not exceeding $5,000 in value, where no issue survived her. The Sts. of 1899, c. 479, and of 1900, c. 450, revising the laws relating to the distribution of the estates of deceased persons, and the rights

therein of surviving husbands and widows, and repealing Pub. Sts. c. 147, § 6, as amended, never became operative. The period when the second statute, which repealed the first statute while re-enacting its provisions, was to become effective had not expired on December 31, 1901,* from and after which the Revised Laws took effect and expressly repealed the act. St. 1901, c. 461. R. L. c. 226, § 1; c. 227. *Shelton* v. *Sears*, 187 Mass. 455.

In accordance with the statutes then in force, the testatrix on October 30, 1901, executed, and published her will disposing of both real and personal property, to which her husband gave his written consent indorsed upon the instrument. No children appear to have been born of the marriage, and by its provisions he is deprived of any share in the distribution of his wife's estate. But at the death of the testatrix on June 11, 1908, a further and radical change had been wrought in the rights of a surviving husband in the property of a deceased wife where she died testate. By R. L. c. 135, § 1, a married woman, if of full age and sound mind, can make a will with the same effect as if the marital relation did not exist, and by § 16, where no decree in her favor for separation has been entered under R. L. c. 153, § 36, the surviving husband within one year after probate may waive the will and claim such portions of the estate as he would have taken if she had died intestate. The legislative purpose was to confer upon the surviving husband, not only a new, but an equal right with the surviving widow, to waive the will of the deceased spouse and participate in the distribution of the estate as a statutory heir. The validity of the will of the testatrix was not dependent upon the husband's consent, but his act was only a waiver of his statutory rights as they then existed. *Kelley* v. *Snow*, 185 Mass. 288, 302. Before the will took effect the statute was repealed, and under R. L. c. 140, § 3, cl. 3, he became entitled, if she died

---

* St. 1900, c. 450, provided in § 12 that that act, with the exception of one section, should take effect on July 1, 1901. St. 1901, c. 461, extended this time until January 1, 1902. The previous statute, St. 1899, c. 479, provided in § 14 that it should take effect on April 1, 1900. St. 1900, c. 174, extended this time until January 1, 1901, but before that date the act was repealed by St. 1900, c. 450, § 11.

intestate, to a much larger interest in her real and personal property. It therefore was not within her testamentary power at the time of her decease to deprive him of the right by proper proceedings to claim and receive the same share or interest which he would have taken upon intestacy. R. L. c. 135, §§ 4, 16. *Burroughs* v. *Nutting,* 105 Mass. 228. *Johnson* v. *Williams,* 152 Mass. 414.

*Decree of the Probate Court affirmed.*