FRANCIS McGRATH *vs.* JOHN A. QUINN, executor.

Middlesex.   March 10, 1914.—May 22, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Husband and Wife.   Waiver.   Election.*

The filing in the Probate Court in behalf of a surviving husband, who had appeared by counsel to object to the allowance of the will of his wife who died without issue, of a writing stating that "in his behalf we withdraw all objection to proof of the instrument presented . . . and consent that said instrument may be allowed as the last will" of the testatrix upon the executor furnishing a bond in a certain sum with a surety company as surety, the executor having been exempted by the terms of the will from giving a surety on his bond, does not deprive such surviving husband of his right under R. L. c. 135, § 16, after the required bond has been filed and the will has been allowed, to file in the registry of probate a writing signed by him waiving the provisions made for him in the will and claiming such portion of his wife's estate as he would have taken if she had died intestate, and after doing so he may maintain a petition in the Probate Court under R. L. c. 140, § 3, cl. 3, as amended by St. 1905, c. 256, for an order to sell so much of the real estate that belonged to his deceased wife as may be necessary to provide the amount to which he is entitled. In the present case it appeared that the counsel for the surviving husband, when he filed the writing withdrawing objection to the proof of the will, stated to the counsel for the executor that after the proving of the will the surviving husband intended to exercise his right to waive its provisions.

PETITION, filed in the Probate Court for the County of Middlesex under R. L. c. 140, § 3, cl. 3, as amended by St. 1905, c. 256, by the surviving husband of Ellen McGrath, late of Lowell, who died without issue on July 19, 1911, leaving a will by the terms of which her husband, the petitioner, was to receive one third of her property real and personal, to compel the executor of the will to sell real estate that belonged to the testatrix to provide for the payment to the petitioner of $5,000, the petitioner having filed under R. L. c. 135, § 16, a writing signed by him waiving the provisions made for him in the will and claiming such portion of the estate of the deceased as he would have taken if the deceased had died intestate.

In the Probate Court *Lawton,* J., made a decree granting the petition.   The executor of the will appealed.

The appeal was heard by *Loring,* J.   The facts found by him

are stated in the opinion. The justice found that the whole of the estate exceeded the sum of $5,000, of which $3,022.31 was personal property. In regard to the writing filed by the counsel for the petitioner, which is described in the opinion, the justice ruled that the words "and consent that said instrument may be allowed as the last will of said Ellen McGrath" were not, especially in the connection in which they were used, equivalent to consenting to the will or to the provisions of the will. At the request of the parties the justice reported the case for determination by the full court.

*W. H. Bent*, for the respondent.

*S. E. Qua*, for the petitioner.

BRALEY, J. The testatrix died without issue, and her husband, the petitioner, to whom she devised and bequeathed one third of her real and personal property, appeared by counsel and objected to the allowance of the will when offered for probate. By the provisions of the will the respondent, the executor, was exempted from giving a surety on his official bond. R. L. c. 149, § 3. But at some stage of the proceedings the counsel for the husband filed a writing stating that "in his behalf we withdraw all objection to proof of the instrument presented . . . and consent that said instrument may be allowed as the last will" of the testatrix, upon condition, that the executor furnish a bond in a certain sum with a surety company as surety. The bond having been furnished, and approved, and the will thereupon having been admitted to probate, the petitioner within one year thereafter availed himself of the right given by R. L. c. 135, § 16, by filing in the registry of probate his written waiver of the provisions made for him, and claiming such portion of his wife's estate as he would have taken if she had died intestate. This election ordinarily would entitle him to his distributive share as provided in R. L. c. 140, § 3, cl. 3. *Atherton* v. *Corliss*, 101 Mass. 40, 47. He could not claim under the will on one hand, and on the other hand demand his rights as if he were a statutory heir. *Shelton* v. *Sears*, 187 Mass. 455, 457.

It is, however, contended by the respondent, that the withdrawal of further opposition to the probate of the will coupled with the condition, that the executor should give bond with a surety, constituted an assent to the testamentary disposition of

her property, which deprives him as the surviving husband of the right of waiver. The allowance of a will propounded for probate with the consent of the surviving spouse, who has appeared as the sole contestant, and the right to waive its provisions for his or her benefit are distinct. *Bunnell* v. *Hixon,* 205 Mass. 468. If the petitioner had indorsed on the will his assent to its terms, he would not thereby have relinquished his right to take his distributive share as if his wife had died intestate. *Bunnell* v. *Hixon,* 205 Mass. 468.

A waiver moreover is the intentional relinquishment of a known right. *Metropolitan Coal Co.* v. *Boutell Transportation & Towing Co.* 185 Mass. 391, 397. And the question is one of fact. *Taylor* v. *Cole,* 111 Mass. 363. If we recur to the wording of the paper of withdrawal, the language previously quoted signifies, that all objections to proof of the will were withdrawn. It was on its face an arrangement for the termination of the contest over the petition for the probate of the will. But, if the conditional stipulation as to the bond raises any ambiguity, the intention of the parties may be shown by extrinsic evidence, and all doubt is removed by the testimony of counsel who acted for the executor, that the petitioner's counsel when the agreement was entered into stated to counsel then acting for the executor, that after the probate of the will the petitioner intended to exercise his statutory right of election. *Callender, McAuslan & Troup Co.* v. *Flint,* 187 Mass. 104. *DeMontague* v. *Bacharach,* 187 Mass. 128, 132, 133. *Wright* v. *Anderson,* 191 Mass. 148.

The present petition to enforce his rights having been properly brought in accordance with R. L. c. 135, § 16, to require the respondent to sell so much of the real estate of the testatrix as may be necessary to give him the amount to which he is entitled under R. L. c. 140, § 3, cl. 3, as amended by St. 1905, c. 256, the decree of the Probate Court ordering a sale, from which the respondent appealed, should be affirmed.

*So ordered.*