RALPH H. TAYLOR *vs.* CITY OF HAVERHILL & others.

Essex.    October 6, 1943. — June 5, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Auction.    Contract,* What constitutes, Sale of real estate.

A suit in equity against a city, its custodian of tax title property, and its treasurer seeking a decree directing the treasurer to give the plaintiff a deed of property alleged to have been sold to him by the custodian at an auction, was ordered dismissed where it appeared that at the sale the auctioneer, before bids were asked or received, made public announcement "that any bid made or accepted by him . . . was subject to future confirmation," that after the plaintiff had made the highest bid the auctioneer accepted a deposit "to be applied on the purchase price if the bid . . . was subsequently confirmed," and that later the plaintiff's bid was disaffirmed, although it also appeared that the auctioneer announced at the sale that the property "was sold" to the plaintiff and gave him a memorandum stating a receipt of the deposit "to apply on the purchase price" of the property "sold . . . at public auction," the balance to be payable within a specified time.

BILL IN EQUITY, filed in the Superior Court on December 7, 1942.

The plaintiff in paragraph 8 of his bill averred, among other facts, that the defendant Watson as custodian and auctioneer "accepted" his bid "and did not as custodian reject said bid and announced the property was sold to" him, and that he received "a memorandum of sale a copy of which" was annexed to the bill, and is shown in the footnote on pages 381–382, *infra.*

In answer to this paragraph, the defendants averred, among other facts, that the plaintiff "was present at said sale and bid the sum of $100 for said property, but" denied that the custodian-auctioneer "acting in the capacity of auctioneer accepted said bid"; and further averred that the custodian, "in his capacity as auctioneer, before any bids were requested or received, made a public announcement that any bid made or accepted by him at such sale

was subject to future confirmation," and that the plaintiff paid the custodian-auctioneer $25, "which said payment was to be applied on the purchase price if the bid so made . . . was subsequently confirmed."

The suit was heard by *Donnelly,* J., upon the bill and answer.

*M. Shyavitz,* Assistant City Solicitor, for the defendants.

*R. H. Taylor,* pro se, submitted a brief.

LUMMUS, J. The case was heard on bill and answer. Rule 31 of the Superior Court (1932). Therefore all facts well pleaded in the answer, and all facts well pleaded in the bill and not denied or contradicted in the answer, are to be taken as true. *Borggaard* v. *Department of Public Works,* 298 Mass. 417, 419. *Karcher* v. *Burbank,* 303 Mass. 303, 304. Applying that principle to the pleadings, the facts upon which the case must be decided are as follows.

The defendant Barrows is the treasurer of Haverhill, and the defendant Watson is its custodian of tax title property under St. 1938, c. 358, as amended by St. 1939, c. 123, and St. 1941, c. 296. In September, 1942, by the foreclosure of the right of redemption from a tax title the city acquired title to a lot of land with a camp on it at Chadwick's Pond in Haverhill. On November 25, 1942, after the statutory preliminaries, the custodian conducted an auction sale of the property under the authority of the statutes cited, at which sale he was himself the auctioneer.

The plaintiff, whose wife as the former owner owed the city more than $400 in back taxes on the property, bid $100, which was "manifestly inadequate" but was the highest bid. That bid was not "accepted" by the auctioneer, the answer states, but he announced that the property was sold to the plaintiff, he accepted the required deposit of $25, and as auctioneer he gave the plaintiff a writing signed by him, a copy of which appears in a footnote.[1]

---

[1] "City of Haverhill, Massachusetts. Custodian of Tax Title Real Estate. November 25, 1942. Received of Ralph H. Taylor twenty five dollars ($25) as a deposit and to apply on the purchase price of the real estate at Chadwick's Pond, Baker Street, Extension, as shown on Lakeside Plan, sold this day at public auction for one hundred . . . dollars ($100) that being the highest bid received.

The balance of seventy five dollars is payable on or before December 5,

Before the sale, the auctioneer had announced that any bid made or accepted at the sale was subject to future confirmation. The $25 "was to be applied on the purchase price if the bid . . . was subsequently confirmed."

On November 29, 1942, the defendant treasurer returned the deposit, stating that the price was considered insufficient, and that the least that would be accepted was $275. A tender of $100 by the plaintiff to the treasurer was refused. On December 7, 1942, the plaintiff brought this bill for specific performance against the city, the custodian, and the treasurer whose duty it is to give deeds to carry into effect sales made by the custodian. *Parrotta* v. *Hederson,* 315 Mass. 416. The defendants did not plead the statute of frauds. From a final decree for specific performance the defendants appealed.

It is possible that there was not complete realization of the technical effect of a hearing on bill and answer. But we must take the case on the facts as we have stated them. The plaintiff contends that the condition as to future confirmation was one not contemplated by the statute, and, since it was not contained in the notice of the sale, was void. See *Parrotta* v. *Hederson,* 315 Mass. 416. But whether the custodian had a right to make that condition one of the terms of sale or not, he actually did so, and the bids were made and received accordingly. The plaintiff, having bid upon that condition, cannot now maintain that that condition did not exist.

That condition did not appear in the writing given by the auctioneer to the plaintiff. But that writing did not purport to be the contract. It was merely a memorandum of a contract made orally. The plaintiff cannot enforce the contract as its terms appear in the memorandum, if those terms differ from the terms of the oral contract actually made. Williston, Contracts (Rev. ed. 1936) §§ 567, 575. Wigmore, Evidence (3d ed. 1940) §§ 2429, 2430. *Lubin* v.

1942 at the office of the Treasurer of the City of Haverhill or the property will be sold again and the deposit will be forfeited to the City of Haverhill.

[signed]       RALPH H. TAYLOR
*Purchaser*

W. WATSON
*Auctioneer.*"

*Hedtler*, 251 Mass. 422, 424. *Macdonald* v. *Dana*, 154 Mass. 152. *Wright* v. *Anderson*, 191 Mass. 148, 150. *Rosenblatt* v. *Holstein Rubber Co.* 281 Mass. 297, 301. *Dutton* v. *Bennett*, 256 Mass. 397, 403. *Fichera* v. *Lawrence*, 312 Mass. 287. *Riley* v. *Farnsworth*, 116 Mass. 223. *Michelson* v. *Sherman*, 310 Mass. 774, 775. Compare *Squires* v. *Amherst*, 145 Mass. 192, 194; *Budro* v. *Burgess*, 197 Mass. 74; *Pearlstein* v. *Novitch*, 239 Mass. 228.

The custodian did not confirm the sale, but disaffirmed it. The bill should have been dismissed.

> *Final decree reversed.*
> *Bill dismissed with costs.*