DUNCAN MCEACHERAN v. THE WESTERN TRANSPORTATION & COAL COMPANY.

*Corporations—False representations—Evidence—Notice—Laches.*

1. Where in a suit against a corporation to recover moneys which

480 OCTOBER TERM 1893.

the plaintiff claims he was induced to invest in its capital stock on the false representations of its officers that the corporation was in a prosperous condition, earning from 30 to 40 per cent. dividends, and that $300,000 had been paid in and the stock taken, and they were going to issue more stock in order to let friends have some, it appears that the plaintiff received a letter from one of the officers a few days before his purchase, and soon after the representations are alleged to have been made, stating that the profits of the corporation for the current year would be at least 30 per cent., divided among the present shareholders, and applied on their stock, bringing it up to par value with what they had already paid in in cash, the jury are properly instructed that the letter was notice to the plaintiff that the $300,000 had not been paid in, and that the application of the previous year's dividends would be required to make the stock par.

2. Testimony showing the making of like representations to other parties by the same officers as to the amount of stock paid in, and at about the same time, is immaterial in view of such actual notice to the plaintiff, even if competent under the circumstances.

3. It appeared that the plaintiff was repeatedly at the city where the home office of the corporation was located, during the two years next after his purchase, to see about dividends, but received none, and that none were ever paid after his purchase, yet he delayed bringing suit for 17 years. And it is held that, being a stockholder, plaintiff had ample opportunity to examine the books of the corporation, and could have insisted upon his right to such examination, and that there was not such a concealment of the fraud, if one had been perpetrated, as excused the delay in bringing the suit.

4. The question whether the action can be maintained against the corporation upon false, representations made by its officers is not discussed, it having been left to the jury, and the defendant not being injured by the verdict.[1]

Error to Wayne. (Reilly, J.) Argued October 31, 1893. Decided November 10, 1893.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

[1] See *Wachsmuth v. Bank*, 96 Mich. 426, and cases cited at page 431, holding that a corporation may be liable in tort, even though a malicious intent is necessary to be proven, the motive of its agent being imputable to the corporation.

*D. F. Glidden* and *E. H. Long,* for appellant.

*James H. Pound* (*Ralph Phelps, Jr.,* of counsel), for defendant.

LONG, J.    This action was brought to recover moneys which plaintiff claims he was induced to invest in the capital stock of the defendant company on misrepresentations made by certain of its officers and directors as to the financial condition of the company.    The cause was tried before a' jury, who found in favor of defendant.

The plaintiff, at the time of the purchase, was a resident of Hamilton, Ontario.    The transaction sued upon was had in November, 1873, and plaintiff claims that some time prior to that date. Francis Lambie, R. J. Hackett, Stephen Nairn, and R.· M. McGregor, who were officers and directors of the company, waited' upon him· there, and represented that the corporation was in a prosperous condition, earning from 30 to 40 per ˙cent. dividends, and that $300,000 had been paid in and the stock taken, and they were going to issue more stock, in order to let friends have some; and that, upon these representations, he purchased $7,375 of the stock at par, and paid cash for it. The defense claimed that no such ⁄representations were made, and that the plaintiff knew before the purchase that $300,000 had not been paid in.    It is also claimed that the plaintiff, within a short time· of. the purchase, knew that the company was not paying such dividends, and that the plaintiff, being a stockholder, had the right to examine the books of the company, and had ample opportunity to do so, yet he let his cause of action, if ·he had any, sleep for more than 17 years, and ought not now to be heard.

On the trial it appeared that McGregor, Hackett, and Lambie were dead, and that Nairn had removed, and had not been heard from for several years.    On cross-examina-

tion of the plaintiff he identified a letter written by Mr. Nairn, and received by plaintiff, under date of October 29, 1873, a few days after the officers visited him at Hamilton, and before he purchased the stock.    This letter, among other things, stated:

" Then, as regards our business here, we have done very well, and the profits are a reality, as we have the property to show for it, owning $287,000 worth of vessel property, with only about $40,000 to pay on it.    Our profits this year will be 30 per cent. at least, divided among the present shareholders, and applied on their stock, bringing their stock up to par value with what they have already paid in in cash."

The court below in the charge directed the jury that this was notice to the plaintiff that the $300,000 had not been paid in, but left it to the jury to determine whether the representations were made as claimed, and whether he made the purchase in reliance upon them, in view of this letter.    The contention by plaintiff's counsel is that the court erred in giving the language employed in this letter that interpretation; that it was not a statement that less than $300,000 had been paid in.    We think the court was correct, and properly charged that it required the application of the previous year's dividends to make the stock par, and that the stock at that time had not been fully paid up. Plaintiff therefore purchased with this notice, and his case was not prejudiced by the court's leaving it to the jury to say whether he relied upon the representations in making his purchase.

It appeared that some six months after the purchase plaintiff came to Detroit to see about dividends, and was repeatedly there within the next two years, but got no dividends, and, in fact, no dividends were ever paid after his purchase.    The court submitted to the jury the question whether the plaintiff had an opportunity to inform

himself of the falsity of the representations as to dividends having been paid, and instructed them that if he had such opportunity, and failed to avail himself of it, he could not recover. It was contended that the plaintiff was excused from not bringing his action sooner by reason of the concealment by defendant of the fraud. It has been seen that the plaintiff had ample opportunity to examine the books of the company. He was a stockholder, and could have insisted upon his right. It cannot be said that there was such a concealment of the fraud, if fraud had been perpetrated, that he was excused from not bringing his action sooner. The whole case was submitted to the jury as one of fact, and the charge was certainly as favorable to the plaintiff as he was entitled to have.

It is also contended that the court was in error in refusing to permit plaintiff to show like representations as to the amount of stock paid in, made to other parties by the same officers of the company about the same time. In view of the fact that plaintiff had actual notice that the stock was not all paid in at the time of his purchase, this testimony was immaterial, even had it been competent to admit it under the circumstances.

Defendant contends that the plaintiff's action could not be maintained against the corporation upon false representations made by its officers, but this question need not be discussed. The court left it to the jury, and the defendant is not injured by the verdict. We find no error in the record.

Judgment is affirmed.

The other Justices concurred.