EMMA L. KRAMER *vs.* ARTHUR P. CROSBY, trustee.

Norfolk.     January 9, 1929. — March 25, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Will,* Waiver by widow.  *Widow,* Waiver of will of husband.  *Probate Court,* Decree.  *Partition.*

The will of a man who died in 1911, leaving a wife and kindred but no issue surviving him, gave to the wife "such portion of my estate as she shall by law be entitled to," and to a trustee for a third person. "Such portion of my real estate as shall not by law become the property of my wife . . . until such time as she [such third person] may die or shall marry, and upon her death or marriage," to a charitable institution. The widow in 1911 filed in the Probate Court a formal

waiver of the provisions of the will and claimed such portions of the estate of the decedent as she would take had he died intestate. In 1914, on petition of the third person for partition and with the assent of the widow, one half of the testator's real estate was assigned to the widow for life, together with $10,000 of personal property, and accounts stating such disposition were assented to by the widow and allowed by the court in 1914. The widow in 1924 filed a petition in equity in the Probate Court for interpretation of the will, demurrers to which were sustained; and the case was reported by the judge to this court. In 1926, that report was discharged for lack of prosecution and the widow appealed. The widow then died without having taken further action and the sole devisee under her will brought a writ of entry against the trustee under the husband's will. Judgment was entered for the tenant. *Held*, that

(1) The waiver filed by the widow in the Probate Court was effective and gave the widow only an estate in the real estate which ended with her life;

(2) The validity of the decree of the Probate Court partitioning the real estate was not open to collateral attack;

(3) The demandant, having no other rights than the widow, was without title;

(4) Judgment properly was entered for the tenant.

WRIT OF ENTRY in the Land Court against the trustee under the will of Charles F. Webber, late of Brookline. Writ dated March 10, 1927.

The action was heard in the Land Court by *Smith*, J. In a decision filed by him, he stated:

"The only evidence introduced at the trial was a 'Statement of Agreed Facts' signed by counsel for both sides. I assume they intended it to be coextensive with the second way of presenting a case for decision as set forth in *Frati* v. *Jannini*, 226 Mass. 430; but the caption should have been 'Agreed Statement of Facts.' The paper may be considered as annexed to this decision and it is made a part hereof. All recitations of fact hereafter appearing are findings based on said 'Statement'."

The material facts are stated in the opinion. At the request of the tenant, the judge ruled as follows:

"1. The demandant is not entitled to recover.

"2. Adelaide B. Webber, widow of Charles F. Webber, made a statutory waiver of the provisions made for her by the will of her husband."

"5. As widow of Charles F. Webber who had waived the

provisions of his will, the rights of Adelaide B. Webber were determined by the provisions of R. L. c. 135, § 16.

"6. The provisions of R. L. c. 135, § 16, were in effect at the time of the death of Charles F. Webber and upon waiver of the provisions of the will by his widow she became entitled to receive $10,000.00 to be paid out of that part of the personal property in which said widow was interested and in addition to that amount only the income during her life of the excess of her share of such estate above that amount, the personal property to be held in trust and the real property vested in her for life from the death of the deceased.

"7. The rights of Adelaide B. Webber in the real estate of Charles F. Webber were for life only and ceased at her death, and the present demandant has no rights therein."

The judge refused to give the following rulings, asked for by the demandant:

"1. That Adelaide B. Webber took a vested interest in one half of the real estate of her deceased husband, Charles F. Webber, at the very moment of his death by the laws of descent and not by purchase.

"2. That the petitioner is entitled to the same interest that Adelaide B. Webber should have received in the real property of Charles F. Webber, namely, the one half vested interest in all the real property of which the deceased Charles F. Webber was seised and possessed at the time of his death.

"3. That Adelaide B. Webber was not divested of her one half interest in the real property of Charles F. Webber by reason of her waiver of the will of said Charles F. Webber.

"4. That the decree of partition of the Probate Court of Norfolk County is not a bar to the petitioner's right to assert her title to the said one half interest in the real property left by Charles F. Webber."

Judgment was ordered for the tenant. The demandant appealed.

*J. L. Hurley,* for the demandant.

*A. P. Crosby & M. E. Bixby,* for the tenant, submitted a brief.

CROSBY, J. In this case there are two writs of entry to recover possession of two parcels of land situated in Brook-

line.    The issues raised by the pleadings were tried together. The tenant pleads the general issue and *res judicata* by reason of a certain decree of the Probate Court for Norfolk County, hereinafter referred to.    The case was submitted to the Land Court on a "Statement of Agreed Facts."    This method of presenting a case for decision on the merits is recognized in *Frati* v. *Jannini*, 226 Mass. 430.

It appears from this statement that one Charles F. Webber died testate in 1911, seised or possessed of the lands described in the writs.    His will was duly proved and allowed in the Probate Court for Norfolk County by decree dated July 26, 1911.    He left kindred but no issue, and a widow, Adelaide B. Webber, who waived the provisions of the will by an instrument dated August 10, 1911, and filed in the Probate Court on September 12, 1911, in which she claimed such portions of the estate of the decedent as she would take had he died intestate.

The material provisions of the will are: "I give, devise and bequeath to my wife such portion of my estate as she shall by law be entitled to. . . . Such portion of my real estate as shall not by law become the property of my wife, I give, devise and bequeath to the said Carrie Cora Lee Kramer until such time as she may die or shall marry, and upon her death or marriage, I then give, devise and bequeath said estate to said Perkins Institution for the Blind. . . . I nominate and appoint Enoch E. Doran as Trustee to hold the estate and property hereby devised and bequeathed for the use and benefit of said Carrie Cora Lee Kramer until her death or marriage, when said trust shall cease, said property then becoming the property of the said Perkins Institution for the Blind as above provided."

On petition of Carrie Cora Lee Kramer (who under the will was given an interest in the real estate) the Probate Court by its warrant dated February 4, 1914, ordered partition of the estate among the life tenants, whereby one half of the real estate was assigned and set off to the widow for life, and one half to Carrie Cora Lee Kramer for life or until she should marry.    The widow received $10,000 from the personal property, less an inheritance tax.    This partition

was assented to by the widow, and was confirmed and established by decree of the Probate Court on October 7, 1914.

On January 28, 1924, the widow filed in the Probate Court a petition in equity for the interpretation of the will against the tenant as trustee, said Kramer, and the Perkins Institution and Massachusetts School for the Blind. All the parties respondent demurred, and on July 18, 1924, the demurrers were sustained and the petition dismissed. On August 18, 1924, a claim of appeal was filed. On November 21, 1924, a motion to correct the docket and withdraw said decree was filed; and on September 1, 1925, a decree was entered correcting the docket, vacating the decree of July 18, 1924, sustaining the demurrers, dismissing the petition, and reporting the case to this court. The report was discharged by decree of the court on June 14, 1926, for lack of prosecution. The widow filed a claim of appeal from this decree. She died August 31, 1926, having taken no further action in the premises, and leaving as her sole legatee and devisee Emma L. Kramer, the demandant.

The demandant contends that the provision in the will of Charles F. Webber leaving to his widow "such portion of my estate as she shall by law be entitled to" was void; that the widow took a one half interest in the real estate by descent which vested at the instant of the death of the testator; that since the provision in the will for the widow was void, her waiver was of no effect, and the Probate Court had no jurisdiction to distribute the real estate in which she had a vested interest; and that the demandant as sole devisee under the will of the widow is entitled to a one half interest in this real property.

The waiver by the widow of the provisions of the will in her favor was in accordance with R. L. c. 135, § 16, then in force. That statute so far as material provided that a surviving widow at any time within one year after the probate of the will may file in the registry of probate a writing signed by her waiving any provision that may have been made in it for her, or claiming such portion of the estate of the deceased as she would take if the deceased had died intestate;

and she shall thereupon take the same portion of the property of the deceased, real and personal, that she would take if the deceased had died intestate; except that, if she would thus take real and personal property to an amount exceeding $10,000 in value, she shall receive in addition to that amount only the income during her life of the excess of her share above that amount, the personal property to be held in trust and the real property vested in her for life from the death of the deceased.

The effect of the statute is to give the surviving widow an election to take under the will or to waive any of its provisions of her benefit. *Boynton* v. *Boynton, ante,* 454. The waiver must be absolute, and not contingent or conditional. *Stearns* v. *Bemis,* 185 Mass. 196, 198. It was a right which was to be exercised personally by the widow. *Sherman* v. *Newton,* 6 Gray, 307, 308. *Jones* v. *Maguire,* 221 Mass. 315. As no question is raised respecting the competency of the widow to waive the provisions of the will, R. L. c. 145, § 33, is not applicable.

Waiver is defined as the intentional relinquishment of a known right. *Farlow* v. *Ellis,* 15 Gray, 229, 231. *Suburban Land Co. Inc.* v. *Brown,* 237 Mass. 166, 168. It appears that the widow was represented by counsel at the time of the filing of the waiver, and it must be assumed that she was fully advised respecting her rights. The waiver resulted in her taking no interest in fee in the testator's real estate. She took only a life estate which ended with her death.

It is the contention of the demandant that the proceedings in the Probate Court partitioning the real estate among the life tenants were void for lack of jurisdiction. See R. L. c. 184, § 34; *Sears* v. *Sears,* 121 Mass. 267; *Allen* v. *Libbey,* 140 Mass. 82. Although the widow could have contested in the Probate Court the jurisdiction of that court in the partition proceedings, *Neafsey* v. *Chincholo,* 225 Mass. 12, 16, it is settled that the decree of that court cannot be attacked in a collateral proceeding. *Emery* v. *Hildreth,* 2 Gray, 228. *McCooey* v. *New York, New Haven & Hartford Railroad,* 182 Mass. 205. *Connors* v. *Cunard Steamship Co. Ltd.* 204 Mass. 310, 322. *Hanscom* v. *Malden & Melrose Gas Light Co.* 234

Mass. 374, 381. *Fidelity & Casualty Co. of New York* v. *Huse & Carleton, Inc.* 254 Mass. 359, 362.

It is also manifest that it is not open to the demandant to contest in these actions the validity of the waiver by the widow and the decrees entered in the Probate Court relating thereto. The agreed facts recite that the widow was represented by counsel when the waiver of the will by her was filed; that the petition for partition was assented to by her, and that the executor's second and final account, by which she received $10,000, less an inheritance tax, was assented to by her and was allowed October 7, 1914. It appears that not until 1924, ten years after the allowance of the executor's final account, did she question the validity of the title to the real estate demanded in these actions. It is plain that upon the agreed facts the rights of the widow in the real estate upon her death came to an end. The demandant, who claims under the will of the widow, can have no greater rights in the property in question than were vested in the widow. It follows that the decision of the Land Court must be affirmed.

*So ordered.*