*Exceptions sustained.*

STANISLAN DOUJOTOS *vs.* LOUIS LEVENTHAL.

Middlesex.    December 5, 1929. — May 26, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Agency,* Agent's duty of fidelity. *Deceit. Waiver. Estoppel. Election.*

At the hearing by a judge without a jury of an action of tort for deceit, the following facts appeared: the plaintiff, owner of land, employed the defendant, a real estate broker, to procure a customer for the land. The defendant procured a suitable customer who signed an agreement to purchase for $10,000 and made a deposit of $300 with the defendant. The defendant then fraudulently represented to the plaintiff that the customer would pay only $9,700 and induced the plaintiff, then ignorant of the fraud, to sign an agreement to sell for that price to one, a party to the fraud, falsely represented by the defendant to be the customer's agent. Later the plaintiff discovered the fraud but, under advice of counsel, completed the transaction by conveying the property to the defendant's confederate and paying the defendant his commission. The judge ruled that the plaintiff was not entitled to recover. The plaintiff alleged exceptions. *Held,* that

(1) The defendant, as agent, owed the utmost good faith, and was bound to conduct himself with entire fidelity, to the plaintiff, his principal;

(2) The plaintiff had not as a matter of law waived his right of action for deceit against the defendant;

(3) The defendant not having been induced to do anything to his harm by words or conduct of the plaintiff, the plaintiff was not estopped to maintain the action;

(4) The fact that, after he had discovered the fraud which had been perpetrated upon him to induce him to sign the agreement with the defendant's confederate, the plaintiff performed that contract, did not relieve the defendant of responsibility for the wrong done by him, nor deprive the plaintiff of his right of action against the defendant;

(5) The payment of the commission to the defendant after knowledge of the fraud was not a waiver of the plaintiff's cause of action for wrongfully inducing him to sign the agreement of sale and complete the conveyance, nor an election on his part to assume the loss resulting from the defendant's fraud.

CONTRACT OR TORT, with a declaration as amended in three counts, the first in contract and the second and third in tort for deceit. Writ in the Third District Court of Eastern Middlesex dated January 11, 1929.

On removal to the Superior Court, the action was heard by *Greenhalge,* J., without a jury, the plaintiff waiving the count of the declaration in contract. The judge filed the following statement of findings and rulings:

"I find that the defendant did not disclose to the plaintiff the material fact that the prospective purchaser was willing to pay the sum of $10,000 for the property of the plaintiff listed with the defendant, and that the defendant and Sones fraudulently induced the plaintiff to sign the agreement to sell such property under the belief, induced by the defendant and Sones, that Scott was in fact the purchaser and that Sones was acting for him.

"I further find that when papers were passed, the plaintiff was aware of all the material facts relating to the agreement which he signed and the agreement between Sones and Scott, and that he signed the deed to Sones and paid the commission to the defendant with full knowledge of the fraudulent acts of the defendant, and upon the advice of his then attorney that he was bound to do so.

"In view of this latter finding I am constrained to rule as requested by the defendant that the plaintiff is not entitled to recover."

There was a finding for the defendant. The plaintiff alleged exceptions.

*J. F. Ryan,* for the plaintiff.

*R. T. Parke,* for the defendant.

CARROLL, J. The defendant, a real estate broker, was employed by the plaintiff to procure a customer for his real estate. The defendant received an offer from one Scott, who was ready, able and willing to buy. Scott signed a written agreement to buy at the price of $10,000 and deposited $300. We infer that the plaintiff was willing to sell at the price of $10,000. The defendant then fraudulently represented to the plaintiff that Scott would pay no more than $9,700, and induced the plaintiff to sign an agreement to sell the property to one Sones, falsely representing to the plaintiff that Sones was the agent of Scott. It was found by the trial judge that Sones was a party to the fraud. As we interpret the record, when the plaintiff signed the agreement to sell he was ignorant of the fraud practised on him and believed that the misrepresentations of the defendant and Sones were true. The plaintiff subsequently conveyed the real estate to Sones. It was found that before the transaction was completed and the deed delivered to Sones the plaintiff discovered that he had been cheated; that he consulted his then attorney, and upon his advice that he was bound to complete the sale, he executed the deed and paid the defendant his commission; that "when papers were passed, the plaintiff was aware of all the material facts relating to the agreement which he signed." As we interpret the record the deposit of $300 made by Scott was paid the defendant. But the record does not show whether this sum was retained by him or paid the plaintiff. The action is in tort. The judge ruled that the plaintiff could not recover. The plaintiff excepted.

The defendant as agent of the plaintiff owed him the utmost good faith. He was bound to conduct himself with entire fidelity to his principal. *Little* v. *Phipps,* 208 Mass. 331. It could not have been ruled that the plaintiff waived his right of action against the defendant. Waiver has been defined as the "intentional relinquishment of a known right." *Kent* v. *Warner,* 12 Allen, 561, 563. *McGrath* v. *Quinn,* 218 Mass. 27, 29. *Kramer* v. *Crosby,* 266 Mass. 525, 530. Applying this definition to the facts in the case at bar, it

could not be ruled that the plaintiff waived anything when he innocently followed the wrong advice; he had no intention of relinquishing his rights. In addition to this, waiver is ordinarily a question of fact and not one of law. *McGrath v. Quinn, supra. Gilson v. Nesson,* 208 Mass. 368, 371. The doctrine of estoppel has no application: the defendant was not induced to do anything to his harm by the words or conduct of the plaintiff. *Boston & Albany Railroad v. Reardon,* 226 Mass. 286, 291.

It has been held that if a contract induced by fraud remains wholly executory when the fraud is discovered, no damage is suffered by the defrauded party who with knowledge of the fraud completes the contract, because, it is said, the fraud is a complete defence to the enforcement of the agreement and the loss occurs from his voluntary execution of the contract. "If the fraud be discovered while the contract is wholly executory, the party defrauded has the option of going on with it or not, as he chooses. If he executes it, the loss happens from such voluntary execution, and he cannot recover for a loss which he deliberately elected to incur." Lurton, J. in *Simon v. Goodyear Metallic Rubber Shoe Co.* 44 C. C. A. 612; *S. C.* 52 L. R. A. (N. S.) 745, 750. *Fitzpatrick v. Flannagan,* 106 U. S. 648, 660. *McDonough v. Williams,* 77 Ark. 261. *McEacheran v. Western Transportation & Coal Co.* 97 Mich. 479. See *Poland v. Brownell,* 131 Mass. 138.

The agreement of the plaintiff to convey the property was not an agreement with the defendant; it was a contract with Sones; and it was this contract with Sones which was executed. The plaintiff innocently signed the agreement of sale. Fraud had been practised upon him to induce the signing of this agreement and he was entirely ignorant of this fraud, relying on the misrepresentations made to him. The fact that he later discovered the fraud and then went on with the contract with Sones and conveyed the real estate to him did not relieve the defendant of responsibility for the wrong done by him, nor deprive the plaintiff of his right of action against the defendant. The plaintiff may have believed, from the advice given him by his counsel, that,

having signed the agreement of sale, he was bound to execute the contract. In our opinion under these facts the plaintiff can recover for the deceit practised on him by the defendant. *Whitney* v. *Allaire*, 1 N. Y. 305. *Mallory* v. *Leach*, 35 Vt. 156, 172. *Nauman* v. *Oberle*, 90 Mo. 666, 669, 670. See also *Hagen* v. *Barry*, 194 Iowa, 1207, 1211, 1212; Williston, Contracts, § 1524; Williston on Sales, § 646 and cases cited, note 72.

It was found that the plaintiff paid the defendant his commission after the fraud was discovered. This claim was one sounding in contract. The plaintiff was not required to pay it, because it was tainted with fraud. But the payment of this claim when the plaintiff knew he had been defrauded did not affect the plaintiff's right to recover for the agent's deceit. The payment to the unfaithful employee of the money called for by his contract of employment was not a waiver of the plaintiff's cause of action for wrongfully inducing him to sign the agreement of sale and complete the conveyance, nor did the plaintiff's knowledge of the wrong done him, subsequent to signing the agreement of sale, amount to an election on his part to assume the loss resulting from the agent's fraud. If the defendant had informed the plaintiff that Scott had signed the agreement to buy the real estate at the price of $10,000, and was able, ready and willing to carry out his contract, the defendant would have earned his commission and his contract with the plaintiff would have been executed. *Walker* v. *Russell*, 240 Mass. 386, 389. *Des Rivieres* v. *Sullivan*, 247 Mass. 443, 446, 448. We are not called on to decide what rights, if any, the plaintiff has against Sones. The agent was false to his trust. Immunity for fraudulent conduct of this kind should not in our opinion be extended so as to allow the defendant to escape responsibility for his fraud. See *Mabardy* v. *McHugh*, 202 Mass. 148, 149, 150; *Commonwealth* v. *Levenson*, 250 Mass. 440, 443; *Atlantic Transportation Co. Inc.* v. *Alexander Shipping Co. Inc.* 261 Mass. 1, 9.

*Exceptions sustained.*