JOHN C. LYNCH *vs.* SUPERINTENDENT OF CONSTRUCTION OF
SCHOOL BUILDINGS OF BOSTON & another.

Suffolk.    April 1, 1930. — May 27, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Boston,* Department of school buildings, Plumbing inspector.

The provisions of G. L. c. 142, § 11, do not apply to an appointment,
by the superintendent of construction of school buildings of Boston
elected under the provisions of St. 1929, c. 351, § 2, of an inspector of
plumbing in the department of school buildings; and such superin-
tendent has power to appoint to such position one who is certified by
the civil service commission as a person qualified to serve in such
capacity, although he is not registered as a master plumber and has
not had practical experience either as a master or a journeyman
plumber continually for five years.

PETITION, filed in the Supreme Judicial Court for the
county of Suffolk on January 21, 1930, for a writ of man-
damus.

The petition was heard by *Field,* J. Facts found and
rulings made by the single justice are stated in the opinion.
The petition was ordered dismissed. The petitioner alleged
exceptions.

*F. W. Mansfield,* for the petitioner.

*S. Silverman,* Corporation Counsel, for the respondents.

CROSBY, J. This is a petition for a writ of mandamus
to remove the respondent McDonough as an inspector of
plumbing in the department of school buildings in the city
of Boston, and to compel the respondent Rourke, as the
superintendent of construction, to declare said position
vacant and to appoint from the classified civil service list
some person other than McDonough as such inspector.
It is the contention of the petitioner that the power to make
the appointment is governed by G. L. c. 142, § 11; see St.
1923, c. 194.

A single justice of this court made the following findings

and rulings: "1. I find that the respondent McDonough holds a master plumber's license and has held one since 1921, and that he holds a journeyman plumber's license and has held one since 1920; that he has never registered as a master plumber and is not a 'master plumber' as defined by G. L. c. 142, § 1, and that he has had practical experience as a journeyman plumber during more than five years next preceding his appointment, but that its continuity was broken by a period of about ten months, beginning January 23, 1925, when, by reason of a serious injury, he was incapacitated and did no work at all. 2. I rule that the respondent McDonough was not eligible under G. L. c. 142, § 11, for appointment as an inspector of plumbing, but that said section does not apply to the position to which he was appointed. 3. I rule as a matter of law, and without the exercise of any discretion which I may have, that the petitioner is not entitled to a writ of mandamus, and I order the petition dismissed."

A schoolhouse department of the city of Boston was established by St. 1901, c. 473. It was therein provided that such department should be under the charge of a board of three commissioners which should "have and exercise all the power and authority conferred, and be subject to all the duties and obligations imposed, by all existing laws, . . . upon the city council or school committee of the city of Boston relating to selecting lands for school purposes . . .," and "erecting, completing, altering, repairing, furnishing, and preparing yards for, school buildings, and making contracts and selecting architects for doing the said work . . ." By St. 1929, c. 351, the schoolhouse department of the city was abolished and "An Act to establish a board of commissioners of school buildings and a department of school buildings in the city of Boston" was enacted. Section 2 of the act provided that the department should be under the charge of a superintendent of construction to be elected by the board of commissioners. Section 3 provided that upon the election of the superintendent of construction under § 2 the board of schoolhouse commissioners of the schoolhouse department, and the

department, both existing under St. 1901, c. 473, should be abolished.

Rourke is the superintendent of construction elected under St. 1929, c. 351, § 2, and on or about December 30, 1929, he appointed McDonough inspector of plumbing in the department of school buildings to fill a vacancy. It is the contention of the petitioner that although McDonough was number two on the civil service list of persons eligible for appointment, he was ineligible on the ground that he was not a master plumber or a journeyman plumber; that he was not registered as a master plumber, and did not have practical experience either as a master plumber or a journeyman plumber for five years next preceding his appointment, as required by G. L. c. 142, § 11.

The respondents admit that McDonough was appointed by Rourke as alleged, but contend that he was legally appointed and that G. L. c. 142, § 11, does not apply to the schoolhouse department of the city of Boston or to its successor, the department of school buildings; that it refers to inspectors of plumbing who are appointed by inspectors of buildings in cities and towns where there is such an officer, and in the city of Boston by the building commissioner who is the inspector of buildings. The respondents further contend that under St. 1907, c. 550, § 10, as amended, being the building law of the city of Boston, the building commissioner has no jurisdiction over portable or permanent school buildings erected and maintained by the schoolhouse department or its successor, or by the superintendent of construction appointed thereunder; that the building laws of the city are not applicable to such school buildings, and that therefore G. L. c. 142, § 11, does not apply to inspectors of plumbing appointed by the board of schoolhouse commissioners or by a superintendent of construction elected under St. 1929, c. 351, § 2.

Upon an examination of St. 1907, c. 550; St. 1901, c. 473; and St. 1929, c. 351, it is plain that the erection, alteration and repair of school buildings in Boston are not governed by the building law (St. 1907, c. 550) but are now controlled by St. 1929, c. 351. As school buildings are not

under the jurisdiction of the building commissioner and not subject to the building law, G. L. c. 142, § 11, is not applicable. The inspector of plumbing properly was appointed by the superintendent of construction, and is required to inspect plumbing in school buildings only. It follows that the respondent McDonough is not required to be a practical plumber who has had practical experience either as a master plumber or journeyman plumber continuously during the five years next preceding his appointment by virtue of G. L. c. 142, § 11. As the civil service commissioners have certified that McDonough is a person qualified to serve as an inspector of plumbing in the department of school buildings, it is to be assumed that he is qualified to serve in that capacity.

The single justice rightly ruled that the petition for a writ of mandamus cannot be maintained.

*Exceptions overruled.*