HYMAN SECOULSKY *vs.* OCEANIC STEAM NAVIGATION COMPANY.

Suffolk.   November 16, 1915. — April 5, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Contract,* What constitutes, In writing.   *Carrier,* Of passengers: limitation of liability for baggage.

Where one having a certificate for a third class passage in a steamship exchanged it for a third class ticket and sailed on the steamship, he thereby accepted a stipulation printed in English on the ticket limiting the liability of the steamship company for loss of baggage to $50, although he did not understand the English language and before receiving his ticket he asked the person in charge of the ticket office to have his baggage insured and offered to pay for such insurance and was told by the man in the ticket office that this was not necessary.

BRALEY, J.   The jury having found that through the defendant's negligence the plaintiff's baggage was lost, the only question is whether the ruling as to the measure of damages was correct.

The prepaid certificate for a third class passage, purchased of the defendant in this Commonwealth by the plaintiff's son, was transmitted to his father; but whether in making the purchase the son acted as the plaintiff's agent, or whether the certificate

was a gift, does not appear. The plaintiff, having exchanged the certificate for a third class ticket at Liverpool, sailed on the steamship; but his baggage was not put on board or was lost during the voyage.

The contract was made in Liverpool. *O'Regan* v. *Cunard Steamship Co.* 160 Mass. 356. And, no evidence of the common law of England having been introduced, we assume that it is the same as our own. *Callender, McAuslan & Troup Co.* v. *Flint,* 187 Mass. 104, 107. By its terms as printed on the ticket the defendant's liability for the loss of baggage was limited to ten pounds or, as agreed by the parties, the sum of $50, and ordinarily the limitation would be controlling. *Garvan* v. *New York Central & Husdon River Railroad,* 210 Mass. 275, 278, and cases cited.

But from the plaintiff's testimony a finding would have been warranted that upon presentation of the certificate and before receiving the ticket the plaintiff, through an interpreter, asked the person in charge of the defendant's ticket office to have his baggage insured, offering to pay therefor rather than to take any chance of loss. "I told him that I had valuable things, valuable articles, and I wanted it insured, and he said it was not necessary." "It is not necessary . . . and it will come."

While the exceptions state that he was unable "to read and write" the English language, this fact of itself would not avoid the contract. The plaintiff knew he could not embark or be cared for during the journey unless he obtained a ticket and that the paper received in exchange for the certificate was a ticket; and it is of no consequence that before embarking he failed to acquaint himself with the contents. *Fonseca* v. *Cunard Steamship Co.* 153 Mass. 553, 555. *O'Regan* v. *Cunard Steamship Co.* 160 Mass. 356, 359, 361.

The plaintiff relies on *McKinney* v. *Boston & Maine Railroad,* 217 Mass. 274, as stating a different rule. But, while in that case the shipper's agent, who transacted the business, was illiterate, the bill of lading never reached the shipper; and there was no evidence, as there is in the case at bar, that the contract relied on by the carrier had been mutually accepted and acted upon as forming the only contract between the parties. *Boynton* v. *American Express Co.* 221 Mass. 237. The limitation therefore was binding on the plaintiff.

And the instructions* being correct, the exceptions must be overruled.

*So ordered.*

The case was submitted on briefs.

*S. L. Bailen & F. Leveroni,* for the plaintiff.

*E. E. Blodgett, S. R. Jones & A. C. Burnham,* for the defendant.

---

* Given by *Hitchcock,* J., who, after the jury had returned answers to certain special questions, ordered them to return a verdict for the plaintiff in the sum of $50 with interest thereon from the date of the writ. The plaintiff alleged exceptions.