WILLHLM URBANIAK & another *vs.* FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY.

SAME *v.* COMMERCIAL UNION ASSURANCE COMPANY, LIMITED.

Suffolk.   March 19, 1917. — May 25, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Insurance,* Fire, Notice to insurer. · *Agency,* Scope of authority.  *Evidence,* Presumptions and burden of proof.

Where the owner of a building, insured under a policy of insurance against fire in the Massachusetts standard form issued before the year 1909, failed after a destruction of the building to give to the insurer the statement in writing, signed

and sworn to, setting forth the details as to the property and its loss, which the provisions of the policy required should be rendered to the insurer forthwith, his failure to do so cannot be excused on the ground that he was illiterate and left these matters to an insurance agent, who assured him that the matter was attended to, if there is no evidence of the authority of such agent to bind the insurer in this regard.

Mere illiteracy and inability to read the policy will not excuse the insured from compliance with the provisions of the policy above described, since he is presumed to have known the policy's provisions.

In this case it appeared that the insured, becoming dissatisfied with the delays of the agent, procured an attorney to represent him, and that even then the statements required of the insured were not given, so that no question arose as to whether there was an excusable delay in rendering the statement.

The matter of the amount of loss or damage having been referred, under the provisions of the above described policy, to referees by an agreement which provided that neither the submission nor the award of the referees should in any way affect any question other than the amount of loss or damage, "nor waive nor impair any right of any party hereto," it was *held* that the insurer was not estopped by the reference from contesting its liability on the ground that the sworn statement was not rendered by the insured.

Two ACTIONS OF CONTRACT upon policies of fire insurance in the Massachusetts standard form to recover the insurance on property destroyed by fire on October 5, 1908. Writs dated July 19, 1909.

In the Superior Court the cases were tried together before *Hitchcock,* J. The material evidence is described in the opinion. At the close of the plaintiffs' evidence the judge ordered verdicts for the defendants; and the plaintiffs alleged exceptions.

*G. P. Beckford,* for the plaintiffs.

*W. L. Came,* for the defendants.

BRALEY, J. The policies being in the standard form prescribed by R. L. c. 118, § 60, the plaintiffs after the loss were required to render forthwith to the company a statement in writing, signed and sworn to, setting forth the value of the property insured, their interest therein and other insurance thereon in detail, the purpose for which and the persons by whom the building insured was used, "and the time at which and the manner in which the fire originated, so far as known to the insured." While conceding that such statements were not furnished, the plaintiffs contend, that this condition was waived by the conduct and assurances of the defendants' agent through whom the policies were obtained, and by the agreement of reference and appearance of the defendants before the referees upon whose awards the actions are brought.

The jury undoubtedly could have found that the plaintiff Willhlm Urbaniak, who appears to have acted for his wife as well as himself, was illiterate and unable to read the policies, and relied upon the representations of the agent, "leave it to me and I will take care of it," and that he had "sent your papers" and that he "would get your insurance." But, as the evidence when viewed in the light most favorable to the plaintiffs fails to show that in making the representations the agent acted within the scope of his authority, there was no waiver on this ground.* *Harris* v. *North American Ins. Co.* 190 Mass. 361, 368.

The plaintiffs also must be presumed to have known of the terms of the policies. *Secoulsky* v. *Oceanic Steam Navigation Co.* 223 Mass. 465.

Whether the circumstances would have been sufficient to have warranted the jury in finding that the delay was excusable, if proof of loss had been rendered when the plaintiffs, upon being dissatisfied with the conduct of the agent, consulted counsel, is immaterial, as even then no attempt at compliance appears. *Greenough* v. *Phoenix Ins. Co.* 206 Mass. 247, 249, 250.

And the agreement for reference having expressly provided, that neither the submission nor the award of the referees shall in any way affect any other question than the amount of loss or damage, "nor waive nor impair any right of any party hereto," the defendants are not estopped by the agreement or the award from contesting liability. *Rockwell* v. *Hamburg-Bremen Fire Ins. Co.* 212 Mass. 318, 322, 323.

The ruling that the plaintiffs could not recover was right, and their exceptions must be overruled.

*So ordered.*

---

* See St. 1910, c. 552.