MORRIS LONG *vs.* AGRICULTURAL INSURANCE COMPANY.

Worcester.   September 28, 1926. — October 14, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Contract,* Performance and breach, To insure.   *Insurance,* Fire.

If an agent of an insurance company orally agrees with the owner of real
estate, which is insured by a policy expiring on January 30, that he
will "take care of" procuring a new policy to take the place of the
policy about to expire, and later the agent hands to the owner a policy
providing insurance commencing February 1, which the owner without
examination sends at once to a mortgagee of the premises who had
asked for a renewal policy, the owner cannot recover upon the oral
agreement for damage to the property by fire on January 31, since he
must be held to have accepted the policy providing insurance beginning
February 1 and to have held it according to its terms, even if he did not
read it; and, it having been so accepted, the obligation under the oral
contract was completed by performance.

CONTRACT upon an oral contract of insurance.   Writ dated
May 7, 1923.

In the Superior Court, the action was tried before
*O'Connell,* J.   Material facts are stated in the opinion.   At
the close of the evidence, on motion by the defendant, the
judge ordered a verdict for the defendant.   The plaintiff
alleged exceptions.

*E. G. Norman, (W. B. Feiga* with him,) for the plaintiff.

*W. L. Came,* for the defendant, submitted a brief.

CARROLL, J.   The declaration in this action of contract
alleges that the plaintiff "had a policy for fire insurance for
. . . $1,000," covering his real estate in Clinton, which policy
was to expire January 30, 1923; that he entered into an oral
contract with an agent of the defendant, whereby the de-
fendant agreed to issue a fire insurance policy for $1,000 on
the said premises in place of the one then expiring, and to
place said policy from such time "as the policy then in
existence was to expire"; that the defendant did not place
said policy for $1,000 "on said premises as aforesaid"; that

on January 31, 1923, a fire destroyed the buildings on the premises, to the loss of the plaintiff of $908.13.

The plaintiff testified that in January, 1923, the real estate in question was mortgaged to the Clinton Savings Bank for $31,000; that a policy of insurance in the sum of $500 issued to him by the Norfolk Mutual Insurance Company was deposited with the mortgagee; that on or about January 15, 1923, he received a notice from the savings bank "on a regular form." This notice, dated January 15, 1923, stated in substance that the policy issued by the Norfolk Mutual Insurance Company, J. T. and W. P. Dame, agents, would expire January 30, 1923. It requested the plaintiff to re-insure the property, "making the insurance payable to this bank in case of loss," and "instruct the agent who renews this insurance that the new policies must be in our hands at least ten days before expiration, otherwise we shall have the property insured and decline to receive other renewals." The plaintiff also testified that on or about January 15, 1923, he had a talk with John B. O'Toole, the defendant's agent; that he handed the notice from the bank to O'Toole and said to him, "Here, Mr. O'Toole, take care of this policy. It expires on the thirtieth, and a new policy be $1,000"; and O'Toole answered, "I will take care of it." The plaintiff further testified that at some time in the same month of January, O'Toole handed to the plaintiff's bookkeeper in his (the plaintiff's) presence, at his store, an insurance policy in an envelope, and said, "Here is your policy"; that the plaintiff "did not look into the envelope to see what was in it, but knew there was a policy in it, and he caused the same to be sent . . . to the Clinton Savings Bank . . . without examining it." This policy was written by the defendant and was dated February 1, 1923. It was in the Massachusetts standard form and purported to cover the premises in question against fire, for the sum of $1,000, commencing February 1, 1923.

On cross-examination the plaintiff stated that this policy must have been delivered to him on or about January 20, and he sent it to the bank the same day; that when O'Toole delivered the policy he presented a bill for $30.40 premium,

requesting immediate payment; that the plaintiff instructed his bookkeeper to send a check for the premium "the first of the month."

John B. O'Toole testified that the plaintiff came to his office January 22 and said, "I want to have you put $1,000 on my block," and in reply to the question of O'Toole, "When do you want it to go on — the first of the month?" the defendant replied, "Yes"; that the plaintiff told him to make the policy payable to the savings bank in case of loss; that there was no talk of the insurance expiring January 30, "or any other day"; that the plaintiff did not show him the expiration notice from the bank; that he did not know the plaintiff had received such a notice; that the policy was delivered January 29 and was not inclosed in an envelope; that he said to the plaintiff, "it doesn't go on until the first of the month and if you send me check the first of the month it will be all right."

The premises were destroyed by a fire beginning about 2:45 o'clock on the morning of January 31. The fire was well under control by six o'clock that morning, but it burned for three days at intervals. The largest part of the damage was done before noon of February 1, 1923. The Norfolk Mutual Insurance Company policy was renewed by the Dame agency, and later the plaintiff collected insurance under this policy of renewal, and also $27,000 from other insurance companies. The plaintiff received a notice dated January 31, of the cancellation of the policy of the defendant. In the Superior Court a verdict was directed for the defendant and the plaintiff excepted.

According to the plaintiff's testimony of his agreement with O'Toole, he was to have a new policy of insurance in the sum of $1,000, O'Toole agreeing to take care of it, and the plaintiff delivering to O'Toole the notice showing that the Norfolk Mutual Insurance Company's policy expired January 30. He admitted that when O'Toole delivered the policy, O'Toole said, "Here is your policy." Even if the plaintiff did not examine the envelope, he must have known it contained the policy he had contracted for, and he dealt with it as his own. He knew it was a policy of insurance,

and caused it to be sent, on the same day he received it, to the Clinton Savings Bank.

On these facts the plaintiff cannot recover. The oral contract no longer subsisted when the written contract of insurance was delivered to the plaintiff. The written policy was received by the plaintiff without objection and forwarded by him to the mortgagee. The previous obligation under the oral contract was completed by performance when the policy was delivered, and, as shown by his acts, accepted by him. The result of this transaction was that thereafter the policy in writing set forth the rights and obligations of the plaintiff and defendant, and the previous oral agreement was at an end. He received the policy on January 20, according to his testimony, and without any request for further time to examine it sent it to the bank on the same day. He must be held to have accepted it and to have held it according to its terms, even if he did not read it. *Cass* v. *Lord*, 236 Mass. 430, 433. *Urbaniak* v. *Firemen's Ins. Co. of Newark*, 227 Mass. 132, 134. *Secoulsky* v. *Oceanic Steam Navigation Co.* 223 Mass. 465, 466. The facts in *Monitor Mutual Fire Ins. Co.* v. *Buffam*, 115 Mass. 343, make it inapplicable. The case at bar is governed by *Mowles* v. *Boston Ins. Co.* 226 Mass. 426. On the evidence most favorable to the plaintiff he accepted the policy in fulfillment of the agreement to place a policy on the premises; although the prior policy expired January 30, he made no objection to the new policy beginning February 1, and by his own acts, as shown by the evidence, he must be held to have accepted this policy.

*Exceptions overruled.*