BOLESLAV ERIKSON *vs.* THOMAS B. O'BRIEN.  November 3, 1972. This is an appeal from an order sustaining a demurrer to a declaration in an action of tort and contract.  The declaration is in five counts.  The first two, for deceit and breach of implied warranties,

relate to land of the plaintiff on the west side of a street in Hopkinton; the other three, for slander of title, interference with contractual relations and breach of implied warranties, relate to land of the plaintiff on the east side of the same street. The gravamen of the first two counts is that the defendant, a real estate broker employed as the plaintiff's exclusive agent to sell the land, violated his duty to the plaintiff by representing that the land contained seventy to eighty acres when in fact it contained about forty acres, and thereby induced the plaintiff to sell the land for about one-half or less of its fair market value. Each of the other three counts alleges that the defendant, a real estate broker employed as the plaintiff's nonexclusive agent to sell eighteen acres of land, procured a prospective buyer, that the plaintiff granted to the prospective buyer an option to purchase the land and an extension thereof, and that during the extended term of the option the defendant induced the prospective buyer not to exercise the option by claiming that the land contained only one or two acres of land and persuading a surveyor firm employed by the prospective buyer to show the lower figure on its survey plan. We have considered the objections to the declaration argued by the defendant, and although it may be in some respects inartfully drawn, we think each count is sufficient to state a cause of action. A representation of area may be a representation of fact.. *Golding* v. *108 Longwood Ave. Inc.* 325 Mass. 465, 466–467. See Restatement 2d: Torts (Tent. draft No. 10, April 20, 1964), § 538A. The other elements of an action for deceit are alleged. See *Barrett Associates, Inc.* v. *Aronson,* 346 Mass. 150, 152, and cases cited. As to the duty of a real estate broker, see *Doujotos* v. *Leventhal,* 271 Mass. 280, 282; *Maxwell* v. *Ratcliffe,* 356 Mass. 560, 562–563; compare *Berenson* v. *Nirenstein,* 326 Mass. 285, 289. See also Restatement 2d: Agency, § 53, comment b, §§ 379, 381, 387. As to slander of title, see *Gott* v. *Pulsifer,* 122 Mass. 235, 238. As to interference with contractual relations, see *Owen* v. *Williams,* 322 Mass. 356, 360.

*Order reversed.*

*J. Fleet Cowden* for the plaintiff.

*Donald J. Wood & Leonard F. Clarkin,* for the defendant, submitted a brief.