In re Albert RAYMOND, II, Krystyna Raymond, Debtors.

Allan IVESTER, Trustee of Bay Realty Trust, Plaintiff,

v.

Albert RAYMOND, II, and Patrick Butler, Defendants.

Bankruptcy No. 83–1523–HL.

Adv. No. 84–0007.

United States Bankruptcy Court, D. Massachusetts.

May 29, 1984.

Leon Aronson, Quincy, Mass., for defendants/debtors.

David Nickless, Marullo & Barnes, Boston, Mass., for Allan Ivester, trustee.

## MEMORANDUM ON NONDISCHARGEABILITY OF A DEBT

HAROLD LAVIEN, Bankruptcy Judge.

This matter came before the Court for trial on April 4, 1984. At that time, the plaintiff and the defendant/debtor stipulated to the facts and agreed to submit the matter to the Court for final determination on briefs. Accordingly, the Court makes the following findings of facts and rulings of law.

The facts of this case are not complicated. On August 26, 1981, the plaintiff entered into an agreement to purchase two parcels of land from one Barbara Barrows. Both parcels of land were located in Middleboro, Plymouth County. The sale was contingent upon the buyer (plaintiff) obtaining the necessary zoning approval by the Town of Middleboro that would have allowed the plaintiff seven buildable lots on the two parcels. Each party has stipulated that the plaintiff used his best efforts to obtain the zoning change. However, the zoning change was never approved. Because of this failure, the agreement failed by its own terms. As a result, the plaintiff sought, unsuccessfully, the return of a $1,000 payment that, apparently, was made to the real estate broker, now defendant/debtor. The intervening bankruptcy of the real estate broker has forced the plaintiff to request that the Court determine the alleged $1,000 debt as nondischargeable, pursuant to 11 U.S.C. § 523(a)(4), which reads:

> (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> > (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

Accordingly, the questions are (1) whether there was a fiduciary duty between the real estate broker (defendant/debtor) and the

buyer (plaintiff), and (2) whether that duty was breached by the non-return of the deposit. However, this Court's analysis permits determination on the basis of the first question, alone.

In his brief, plaintiff argued that a real estate broker has a fiduciary duty to his principal/client. As support, he cites *Erikson v. O'Brien*, 362 Mass. 876, 289 N.E.2d 831 (1972); *Sechrest v. Safiol*, 383 Mass. 568, 419 N.E.2d 1384 (1981); *Doujotos v. Leventhal*, 271 Mass. 280, 171 N.E. 445 (1930); *Hamby v. St. Paul Mercury Indemnity Co.*, 217 F.2d 78 (4th Cir.1954). That a real estate broker owes a fiduciary duty to a client/principal cannot be doubted. However, such a statement overlooks the obvious question—is the buyer, in the case at bar, the principal/client of the real estate broker? Indeed, in this case, does any relationship exist between the buyer and the real estate broker? The Court cannot agree with the presumed conclusion of the plaintiff that such a relationship existed.

The contract, in the case at bar, places no fiduciary duty on the defendant/real estate broker. Indeed, the contract notes that:

> ... and for such deed and conveyance the BUYER is to pay the sum of FORTY-TWO THOUSAND DOLLARS of which ONE-THOUSAND DOLLARS have been paid this day, FORTY-ONE THOUSAND are to be paid in cash upon the delivery of said deed.

Moreover, unlike the usual purchase and sale agreement, there is no provision that designates the $1,000 deposit to be held in escrow by the broker. The broker is not a party to this purchase and sale agreement which runs solely between the buyer and seller, and such a payment appears to be in partial satisfaction of the buyer's obligation to *the seller*. Indeed, the agreement is

silent as to the deposition of the $1,000 upon non-performance.

The Court notes that, as a matter of fact, the $1,000 payment was made by check to "Raymond Realty Esc. Acc.," which in turn was endorsed "For Deposit only to Raymond Realty Escrow Accts." However, in the absence of any contractual obligation, the Court must find that the real estate broker was acting on behalf of the seller, not as some impartial third party. Indeed, the real estate broker's role arose as the seller's agent entrusted to find a buyer for the buyer for the property. The purchase and sale agreement did not change that relationship. In the case at bar, it is the contract that defines the relationship of the parties. The contract noted that:

> The contracting parties agree that this contract contains all the terms and conditions of this sale. It is mutually agreed that any oral representation made by either party prior to the signing of this agreement is null and void.

Again, the Court notes that the contract contained no provision designating the defendant as the plaintiff's fiduciary agent. Although the effect of such "merger" clauses have been disputed, *cf.* 4 Williston § 663 *with* 3 Corbin § 578, the clause, the contract, and the acceptance of the contract by the plaintiff has a significant that this Court must consider *Long v. Agricultural Ins. Co.*, 257 Mass. 240, 243, 153 N.E. 792 (1926); *see, also, Cass v. Lord*, 236 Mass. 430, 433, 128 N.E. 716 (1920); *Urbaniak v. Firemen's Ins. Co. of Newark*, 227 Mass. 132, 134, 116 N.E. 413 (1917); *Secoulsky v. Oceanic Steam Navigation Co.*, 223 Mass. 465, 466, 112 N.E. 151 (1916). Accordingly, in the absence of any contractual liability,[1] or any statutory liability, the Court finds that defendant/debtor had no obligation to

---

**1.** The Court notes that in those cases cited by the plaintiff, the finding of any fiduciary duty was predicated upon specific finding that the defendant was, indeed, the agent of the principal based on the specific facts of the case, including particular contractual terms; for example, in *Hamby v. St. Paul, supra*, where the funds were provided the broker for the express purpose of paying off liens on the property.

The other cases cited by the plaintiff recognized the broker as the seller's agent. *See, e.g., Doujotos v. Leventhal*, 271 Mass. 280, 282, ("the defendant, a real estate broker, ... employed by the plaintiff to procure a customer for his real estate."); *Erickson v. O'Brien*, 362 Mass. 876, 877, 289 N.E.2d 831 ("the defendant, a real estate broker employed as the plaintiff's exclusive agent to sell the land").

the plaintiff and, certainly, was not in any fiduciary capacity with the plaintiff, as required by § 523(a)(4).

The Court notes that its determination does not mean that the plaintiff is necessarily without remedy. His remedy may be against the party with whom the plaintiff contracted; namely, seller of the property. The Court does not have present cause to consider whether a nondischargeability claim by the seller would lie.

The plaintiff, having failed to sustain his burden of proof of fraud or defalcation while acting in a fiduciary capacity, § 523(a)(4), the claim is discharged.