**Patricia E. GILL, Plaintiff,**

v.

**METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY, Defendant.**

Civ. A. No. 94–40070–NMG.

United States District Court, D. Massachusetts.

Oct. 11, 1994.

Kendall Burford, Bennett & Forts, Holden, MA, for plaintiff.

Barry A. Bachrach, Bowditch & Dewey, Worcester, MA, for defendant.

**MEMORANDUM AND ORDER**

GORTON, District Judge.

Patricia Gill ("Gill") brought this action in tort in Massachusetts Superior Court. She alleged, in Count I, that the defendant, Met-

ropolitan Property & Casualty Insurance Company ("Metropolitan"), negligently provided underinsurance coverage of $25,000 per person/$60,000 per accident ("$25,000/$60,000") instead of the desired underinsurance coverage of $100,000 per person/$300,000 per accident ("$100,000/$300,000"). In Count II, Gill claimed that Metropolitan's conduct constituted "unfair or deceptive acts" under the Massachusetts Consumer Protection Act. Mass.Gen.L. ch. 93A. Metropolitan removed the case to this Court and now moves for summary judgment.

## I. BACKGROUND

The relevant facts are recited in the light most favorable to Gill. *O'Connor v. Steeves,* 994 F.2d 905, 907 (1st Cir.1993). In early September, 1990, Gill ordered an automobile insurance policy from Metropolitan. According to Gill, during a telephone conversation with a broker, she requested a policy with $100,000/$300,000 coverage for liability, uninsured motorist and underinsured motorist. On September 14, 1990, however, Gill completed an "Application for Massachusetts Motor Vehicle Insurance" with Metropolitan that did not reflect the coverage discussed, and allegedly agreed upon, in the earlier telephone conversation. Instead of underinsured coverage of $100,000/$300,000, the written application requested underinsured coverage of $25,000/$60,000. Despite this apparent inconsistency, Gill signed and executed the application.

Metropolitan issued the policy, and it became effective on October 25, 1990. In accordance with the signed application, the policy issued by Metropolitan contained underinsurance coverage of $25,000/$60,000. The following year Gill renewed her policy. The renewal application signed by Gill again listed the underinsurance coverage as $25,000/$60,000. That renewal policy was effective from October 25, 1991, to October 25, 1992. Throughout the time that the original and renewal policies were in effect, Gill paid a premium based, in part, on underinsurance coverage of $25,000/$60,000.

On or about July 20, 1992, Gill was involved in an automobile accident in Worcester, Massachusetts. Gill suffered serious injuries and incurred substantial medical costs. Because the two parties liable for the accident had limited or no liability insurance, Gill sought to recover from Metropolitan pursuant to her underinsurance coverage. When Metropolitan informed Gill that her policy provided underinsurance coverage of only $25,000 per person, Gill demanded that Metropolitan amend the coverage to $100,000/$300,000. Metropolitan refused to comply, and Gill brought this action alleging that Metropolitan was negligent in failing to issue a policy with $100,000/$300,000 underinsurance coverage.

## II. SUMMARY JUDGMENT

Summary Judgment shall be rendered where the pleadings, discovery on file and affidavits, if any, show "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court must view the entire record in the light most favorable to Gill, the nonmoving party, and indulge all reasonable inferences in her favor. *O'Connor,* 994 F.2d at 907.

With respect to a motion for summary judgment, the burden is on the moving party to show that "there is an absence of evidence to support the non-moving party's case." *FDIC v. Municipality of Ponce,* 904 F.2d 740, 742 (1st Cir.1990), *quoting Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). If the movant satisfies that burden, it shifts to the nonmoving party to establish the existence of a genuine material issue. *Id.* In deciding whether a factual dispute is genuine, this Court must determine whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Andersen v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *accord Aponte–Santiago v. Lopez–Rivera,* 957 F.2d 40, 41 (1st Cir.1992) *(citing Andersen ).* The nonmovant's assertion of mere allegation or denial of the pleadings is insufficient on its own to establish a genuine issue of material fact. Fed.R.Civ.P. 56.

## III. DISCUSSION

Gill has failed to refute, presumably because she cannot refute, any of the allega-

tions asserted in the affidavits and exhibits submitted by Metropolitan. There are, quite simply, no material facts in dispute. Based on the undisputed facts, this Court concludes that Gill does not have an action against Metropolitan and its motion for summary judgment will therefore be allowed.

■ Gill signed and executed an application for automobile insurance that specifically provided for underinsurance coverage of $25,000/$60,000 on September 14, 1990. In September, 1991, she signed and executed an application to renew her insurance. That application also specifically listed the policy's underinsurance coverage as $25,000/$60,000. The insurance policy held by Gill for a full 21 months before her accident was an effective contract. *Epstein v. Northwestern Nat. Ins. Co.*, 267 Mass. 571, 574, 166 N.E. 749, 750 (1929). It is well settled that, under Massachusetts law, "the acceptance of a contract establishes all its terms." *John Hancock Life Ins. Co. v. Schwarzer*, 354 Mass. 327, 329, 237 N.E.2d 50, 52 (1968). Gill, therefore, cannot now come before this Court and attempt to reform her policy unilaterally in order to make its terms more favorable to her. *Id.*

■ Gill claims that she did not read or appreciate the terms of the policy. That argument is unavailing. That Gill did not read the whole policy or understand every condition contained in it is no excuse. *Cass v. Lord*, 236 Mass. 430, 433, 128 N.E. 716, 717 (1920). An insured is presumed to have assented to the terms of the policy that she signed and executed even if she has retained the policy without reading it. *Mundy v. Lumberman's Mutual Casualty Co.*, 783 F.2d 21, 22 (1st Cir.1986); *Epstein*, 267 Mass. at 574, 166 N.E. 749; *Cass*, 236 Mass. at 433, 128 N.E. 716.

■ Furthermore, even if this Court were to accept Gill's allegation that she had an oral agreement with Metropolitan's agent, she still would not be entitled to judgment. *See* Fed.R.Civ.P. 56 (stating that the assertion of mere allegation or denial of the pleadings is insufficient on its own to establish a genuine issue of material fact). The oral agreement (supposedly entered into during a telephone conversation) was integrated into the subsequent written contract. Thus, the oral agreement no longer subsisted when the later written contract became effective. The written insurance policy in this case is controlling. *Long v. Agricultural Ins. Co.*, 257 Mass. 240, 243, 153 N.E. 792, 793 (1926).

■ Finally, Gill framed this suit as an action in tort. Metropolitan is liable to Gill on a tort theory only if it violated a duty to Gill imposed by law. *Flattery v. Gregory*, 397 Mass. 143, 489 N.E.2d 1257, 1259 (1986). Metropolitan, however, had no duty, legal or contractual, to provide Gill with underinsurance coverage of $100,000/$300,000. Accordingly, Metropolitan is not liable to Gill in contract or tort.

The Court finds that the undisputed facts cannot support a claim of negligence. The parties freely and voluntarily entered into a written contract. Gill is bound by the terms of that contract, i.e. Gill's insurance policy, and it describes the amount of underinsurance coverage to which Gill is entitled. The Motion for Summary Judgment, therefore, will be allowed.

## ORDER

For the foregoing reasons, this Court ORDERS that defendant's Motion for Summary Judgment, with respect to both counts, is **ALLOWED**.