[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 96-2266 

ANN S. ADAMS & JOSEPH F. ADAMS,

Plaintiffs, Appellants,

v.

LARRY W. STEPHENSON, M.D.,

Defendant, Appellee.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge] 



Before

Selya, Circuit Judge, 
Cyr, Senior Circuit Judge, 
and Lynch, Circuit Judge. 



Ann S. Adams and Joseph F. Adams on brief pro se. 
Nancy B. Schlacter, Howard M. Cooper and Todd & Weld on brief for 
appellee.



June 23, 1997
 

Per Curiam. In this pro se, diversity action, 

plaintiffs Ann and Joseph Adams advance a trio of tort claims

against defendant Dr. Larry Stephenson. Plaintiffs are in

the business of preparing, editing and publishing medical

texts and periodicals, often under the auspices of a

Massachusetts corporation (Adams Publishing Group, Ltd.) of

which plaintiff Ann Adams is the sole shareholder.

Defendant, having worked with plaintiffs on earlier

occasions, was engaged to edit a textbook published by the

corporation in 1994. The instant action ensued when that

relationship soured. After affording plaintiffs various

opportunities to supplement their pleadings, the district

court dismissed all claims under Fed. R. Civ. P. 12(b)(6) for

failure to state a claim. We affirm.

It is true, as plaintiffs observe, that pro se

complaints are accorded "an extra degree of solicitude."

Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991). It is 

also true that, at least in complex litigation, courts

"normally hesitate" to dismiss under Rule 12(b)(6) prior to

discovery, when "a party may not have all the facts."

Resolution Trust Corp. v. Driscoll, 985 F.2d 44, 48 (1st Cir. 

1993). Yet even a pro se plaintiff is required "to set forth

factual allegations, either direct or inferential, respecting

each material element necessary to sustain recovery under

-2-

some actionable legal theory." Gooley v. Mobil Oil Corp., 

851 F.2d 513, 515 (1st Cir. 1988); accord, e.g., Dewey v. 

University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982) 

(it is "not enough to allege a general scenario which could

be dominated by unpleaded facts"; instead, the claim must "at

least set forth minimal facts, not subjective

characterizations, as to who did what to whom and why"). The

demands on the pleader are not onerous: dismissal is

appropriate at this stage only if "a lenient construction [of

the complaint] demonstrates beyond doubt that the plaintiff

can prove no set of facts to support [the] claim for relief."

Rockwell v. Cape Cod Hosp., 26 F.3d 254, 260 (1st Cir. 1994). 

Yet "minimal requirements are not tantamount to nonexistent

requirements"; "[t]he threshold [for stating a claim] may be

low, but it is real." Gooley, 851 F.2d at 514; see also 

Glassman v. Computervision Corp., 90 F.3d 617, 628 (1st Cir. 

1996). Having exercised de novo review, we agree with the 

district court that, even with all reasonable inferences

drawn in their favor, plaintiffs' amended complaint fails

under these standards.

The claim of interference with contractual rights

requires little comment. See, e.g., Draghetti v. 

Chmielewski, 416 Mass. 808, 816 (1994) (listing elements of 

claim). Defendant is alleged to have induced his former

attorney to disclose proprietary information pertaining to

-3-

plaintiffs' business affairs, in violation of a

confidentiality agreement reached in an earlier, unrelated

lawsuit between plaintiffs and an individual represented by

that same attorney. Plaintiffs were directed to submit,

under seal, a description of the information that allegedly

had been disclosed. They claim to have done so; they did

not. Their submission recited the confidentiality provision

in the agreement but failed to identify any actual

information that was divulged. The resulting dismissal of

this claim was therefore fully justified. 

Plaintiffs' "defamation" claim is subject to several

alternative constructions. To the extent they are

complaining of having been personally libeled, we agree with

the district court that defendant's March 19, 1996 letter

"was not reasonably susceptible of a defamatory connotation."

Dulgarian v. Stone, 420 Mass. 843, 848 (1995) (internal 

quotation omitted). Indeed, that letter (which cited a

"controversy" over the rights to the textbook) made no

mention of plaintiffs at all; it referred only to the Adams

corporation, which owned the rights to the publication. We

note in addition that, to the extent plaintiffs are advancing

a claim of business defamation, they lack individual

standing. Such a claim would belong to the Adams

corporation, notwithstanding Ms. Adams' status as sole

shareholder. See, e.g., Willis v. Lipton, 947 F.2d 998, 

-4-

1001-02 (1st Cir. 1991); Alford v. Frontier Enterprises, 

Inc., 599 F.2d 483, 484 (1st Cir. 1979). A corporation, of 

course, may be represented in court only by counsel. See, 

e.g., American Metals Service Export Co. v. Ahrens Aircraft, 

Inc., 666 F.2d 718, 719 n.2 (1st Cir. 1981). We fail to see, 

in any event, how defendant's reference to a "controversy"

could be deemed defamatory--to either the plaintiffs or the

corporation.

The defamation claim might also be construed as one for

"injurious falsehood," see, e.g., Dulgarian, 420 Mass. at 852 

(quoting Restatement (Second) of Torts 623A (1977)), or,

more particularly, a category thereof known as "slander of

title," see, e.g., 37 Joseph Nolan & Laurie Sartorio, 

Massachusetts Practice--Tort Law 132-33 (1989) (citing 

Restatement (Second) of Torts, supra, 624); Fischer v. Bar 

Harbor Banking and Trust Co., 857 F.2d 4, 7-8 (1st Cir. 

1988); Erikson v. O'Brien, 362 Mass. 876 (1972). Again, 

however, because the copyright to the textbook is held by the

Adams corporation (rather than by plaintiffs personally), any

such claim would belong to the corporation. Moreover,

plaintiffs have made no allegation that special damages were

sustained--a necessary element of the offense. See, e.g., 

Sharratt v. Housing Innovations, Inc., 365 Mass. 141, 148 

(1974); Gott v. Pulsifer, 122 Mass. 235, 238 (1877); 37 Nolan 

& Sartorio, supra, 132, at 223-24. 

-5-

Plaintiffs' remaining claim--for interference with

advantageous business relationships--falters for much the

same reasoning. See, e.g., Swanset Dev. Corp. v. City of 

Taunton, 423 Mass. 390, 397 (1996) (listing elements of 

claim). To the extent they are complaining of business

opportunities lost by the Adams corporation, they again lack

standing. The amended complaint is devoid of any description

of plaintiffs' personal business pursuits, much less of how

such pursuits may have been affected by defendant's actions.

Nor have plaintiffs made any reference to actual damages--

i.e., the "loss of advantage directly resulting from the

defendant's conduct," Elm Medical Lab., Inc. v. RKO General, 

Inc., 403 Mass. 779, 787 (1989)--which is a necessary element 

of such a claim, see, e.g., Sharratt, 365 Mass. at 148; 37 

Nolan & Sartorio, supra, 98, at 133. 

For these reasons, we conclude that the amended

complaint fails to state a claim upon which relief can be

granted. Plaintiffs' motion to strike transcripts comes too

late and is therefore denied. Defendant's motion to strike 

appendix is denied as moot. 

Affirmed.  

-6-