USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2266  ANN S. ADAMS & JOSEPH F. ADAMS, Plaintiffs, Appellants, v. LARRY W. STEPHENSON, M.D., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Cyr, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ Ann S. Adams and Joseph F. Adams on brief pro se. ____________ _______________ Nancy B. Schlacter, Howard M. Cooper and Todd & Weld on brief for __________________ ________________ ___________ appellee. ____________________  June 23, 1997  ____________________ Per Curiam. In this pro se, diversity action, ___________ plaintiffs Ann and Joseph Adams advance a trio of tort claims against defendant Dr. Larry Stephenson. Plaintiffs are in the business of preparing, editing and publishing medical texts and periodicals, often under the auspices of a Massachusetts corporation (Adams Publishing Group, Ltd.) of which plaintiff Ann Adams is the sole shareholder. Defendant, having worked with plaintiffs on earlier occasions, was engaged to edit a textbook published by the corporation in 1994. The instant action ensued when that relationship soured. After affording plaintiffs various opportunities to supplement their pleadings, the district court dismissed all claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. We affirm. It is true, as plaintiffs observe, that pro se complaints are accorded "an extra degree of solicitude." Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991). It is ____ __________ also true that, at least in complex litigation, courts "normally hesitate" to dismiss under Rule 12(b)(6) prior to discovery, when "a party may not have all the facts." Resolution Trust Corp. v. Driscoll, 985 F.2d 44, 48 (1st Cir. ______________________ ________ 1993). Yet even a pro se plaintiff is required "to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under -2- some actionable legal theory." Gooley v. Mobil Oil Corp., ______ ________________ 851 F.2d 513, 515 (1st Cir. 1988); accord, e.g., Dewey v. ______ ____ _____ University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982) ____________________________ (it is "not enough to allege a general scenario which could be dominated by unpleaded facts"; instead, the claim must "at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why"). The demands on the pleader are not onerous: dismissal is appropriate at this stage only if "a lenient construction [of the complaint] demonstrates beyond doubt that the plaintiff can prove no set of facts to support [the] claim for relief." Rockwell v. Cape Cod Hosp., 26 F.3d 254, 260 (1st Cir. 1994). ________ ______________ Yet "minimal requirements are not tantamount to nonexistent requirements"; "[t]he threshold [for stating a claim] may be low, but it is real." Gooley, 851 F.2d at 514; see also ______ ________ Glassman v. Computervision Corp., 90 F.3d 617, 628 (1st Cir. ________ _____________________ 1996). Having exercised de novo review, we agree with the ________ district court that, even with all reasonable inferences drawn in their favor, plaintiffs' amended complaint fails under these standards. The claim of interference with contractual rights requires little comment. See, e.g., Draghetti v. ___ ____ _________ Chmielewski, 416 Mass. 808, 816 (1994) (listing elements of ___________ claim). Defendant is alleged to have induced his former attorney to disclose proprietary information pertaining to -3- plaintiffs' business affairs, in violation of a confidentiality agreement reached in an earlier, unrelated lawsuit between plaintiffs and an individual represented by that same attorney. Plaintiffs were directed to submit, under seal, a description of the information that allegedly had been disclosed. They claim to have done so; they did not. Their submission recited the confidentiality provision in the agreement but failed to identify any actual information that was divulged. The resulting dismissal of this claim was therefore fully justified.  Plaintiffs' "defamation" claim is subject to several alternative constructions. To the extent they are complaining of having been personally libeled, we agree with the district court that defendant's March 19, 1996 letter "was not reasonably susceptible of a defamatory connotation." Dulgarian v. Stone, 420 Mass. 843, 848 (1995) (internal _________ _____ quotation omitted). Indeed, that letter (which cited a "controversy" over the rights to the textbook) made no mention of plaintiffs at all; it referred only to the Adams corporation, which owned the rights to the publication. We note in addition that, to the extent plaintiffs are advancing a claim of business defamation, they lack individual standing. Such a claim would belong to the Adams corporation, notwithstanding Ms. Adams' status as sole shareholder. See, e.g., Willis v. Lipton, 947 F.2d 998, ___ ____ ______ ______ -4- 1001-02 (1st Cir. 1991); Alford v. Frontier Enterprises, ______ _____________________ Inc., 599 F.2d 483, 484 (1st Cir. 1979). A corporation, of ____ course, may be represented in court only by counsel. See, ___ e.g., American Metals Service Export Co. v. Ahrens Aircraft, ____ ___________________________________ ________________ Inc., 666 F.2d 718, 719 n.2 (1st Cir. 1981). We fail to see, ____ in any event, how defendant's reference to a "controversy" could be deemed defamatory--to either the plaintiffs or the corporation. The defamation claim might also be construed as one for "injurious falsehood," see, e.g., Dulgarian, 420 Mass. at 852 ___ ____ _________ (quoting Restatement (Second) of Torts 623A (1977)), or, more particularly, a category thereof known as "slander of title," see, e.g., 37 Joseph Nolan & Laurie Sartorio, ___ ____ Massachusetts Practice--Tort Law 132-33 (1989) (citing _________________________________ Restatement (Second) of Torts, supra, 624); Fischer v. Bar _____ _______ ___ Harbor Banking and Trust Co., 857 F.2d 4, 7-8 (1st Cir. _______________________________ 1988); Erikson v. O'Brien, 362 Mass. 876 (1972). Again, _______ _______ however, because the copyright to the textbook is held by the Adams corporation (rather than by plaintiffs personally), any such claim would belong to the corporation. Moreover, plaintiffs have made no allegation that special damages were sustained--a necessary element of the offense. See, e.g., ___ ____ Sharratt v. Housing Innovations, Inc., 365 Mass. 141, 148 ________ __________________________ (1974); Gott v. Pulsifer, 122 Mass. 235, 238 (1877); 37 Nolan ____ ________ & Sartorio, supra, 132, at 223-24. _____ -5- Plaintiffs' remaining claim--for interference with advantageous business relationships--falters for much the same reasoning. See, e.g., Swanset Dev. Corp. v. City of ___ ____ __________________ ________ Taunton, 423 Mass. 390, 397 (1996) (listing elements of _______ claim). To the extent they are complaining of business opportunities lost by the Adams corporation, they again lack standing. The amended complaint is devoid of any description of plaintiffs' personal business pursuits, much less of how such pursuits may have been affected by defendant's actions. Nor have plaintiffs made any reference to actual damages-- i.e., the "loss of advantage directly resulting from the defendant's conduct," Elm Medical Lab., Inc. v. RKO General, _______________________ ____________ Inc., 403 Mass. 779, 787 (1989)--which is a necessary element ____ of such a claim, see, e.g., Sharratt, 365 Mass. at 148; 37 ___ ____ ________ Nolan & Sartorio, supra, 98, at 133. _____ For these reasons, we conclude that the amended complaint fails to state a claim upon which relief can be granted. Plaintiffs' motion to strike transcripts comes too late and is therefore denied. Defendant's motion to strike ______ appendix is denied as moot. ______ Affirmed.  ________ -6-